[Crim. No. 10236. Third Dist. Nov. 13, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
BARRY LAWRENCE JONES, Defendant and Appellant.

696

COUNSEL

Kit Conelly Decious and Quin Denvir, State Public Defender, under appointments by the Court of Appeal, and Laurance S. Smith, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and John A. Gordnier, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PUGLIA, P. J.—Defendant appeals from the judgment of the Shasta County Superior Court imposed after he admitted a probation violation following his conviction in Butte County for grand theft.

In January 1977, defendant, then age 17, pleaded guilty in Shasta County Superior Court to four counts of violating Vehicle Code section 10851 (unlawful driving or taking of a vehicle). He was placed on probation for 3 years and committed to the county jail for 210 days as a condition of probation. In 1978, while still on probation, defendant, by then 19 years old, pleaded guilty to grand theft and was sentenced to 2 years in state prison by the Butte County Superior Court. Thereafter the Shasta County probation officer charged defendant with violation of probation in that he was convicted of grand theft in Butte County.

Defendant contends his attorney misapprehended the applicable sentencing law and thus failed to give him reasonably competent repre-

sentation at the sentence hearing. At the hearing, counsel agreed with the recommendation of both the district attorney and the probation officer that defendant receive a consecutive sentence. Defendant asserts his attorney's position was based upon the erroneous assumption the maximum sentence would be governed by the Uniform Determinate Sentencing Act, rather than the Indeterminate Sentence Law.

Since the Shasta County offenses for which defendant was placed on probation occurred prior to July 1, 1977, sentencing on these convictions was not directly controlled by the penalties prescribed by the Uniform Determinate Sentencing Act (Pen. Code, §§ 1170, subd. (a) (2), 1168, subd. (b)). Former Vehicle Code section 10851 provided for an indeterminate term of imprisonment in state prison for not less than one nor more than five years, and that is necessarily the term to which defendant was sentenced upon each count (Pen. Code, § 1168, subd. (b)). At the time defendant admitted the violation of probation, however, counsel and the trial court referred to the maximum period of incarceration within the context of the Determinate Sentencing Act as opposed to the potentially longer period under the Indeterminate Sentence Law. For example, the court advised the defendant, ". . . probably the sentence will be to state prison and that it will be consecutive to any other and so you have up to the maximum of thirty-two months consecutive on these four counts, . . . ."

We reject the claim of counsel's incompetence. Counsel bargained for and received dismissal of a felony charge pending in Shasta County (violation of Pen. Code, § 496). His concession to a consecutive sentence quite clearly contemplated concurrency of the four Shasta County counts with each other but that collectively they would run consecutively to the Butte County conviction. Considering the 270 days credit to which defendant was entitled, an admission of the violation in exchange for a promise of concurrent time would have had minimal impact on defendant's current incarceration status. Without some assurance of more, it is reasonable to assume that the district attorney would not have agreed to dismiss the charge of receiving stolen property. Thus counsel's "concession" to a consecutive sentence would appear to have been tactically dictated.

Furthermore, defendant was well advised that the court could, in its discretion, run all of the counts consecutively. In the event, three counts

were run consecutively to each other and to the Butte County conviction while the fourth count was ordered to be served concurrently in all respects.

Since sentencing by the court was necessarily under the Indeterminate Sentence Law, it is true, theoretically anyway, that defendant was liable to three consecutive terms and one concurrent term each of one to five years, or a theoretical maximum of from three to fifteen years added on to the Butte County term. Defendant was not so advised at the time he admitted the violation of probation.[1] Rather, the discussion at that time among counsel and the court assumed that defendant would be exposed to a maximum of 32 additional months. That figure was obviously determined by taking the determinate middle term for violation of Vehicle Code section 10851 (twenty-four months; Pen. Code, § 18), dividing it by three (Pen. Code, § 1170.1, subd. (a)) and multiplying the quotient by four, being the number of counts.

Thirty-two months accurately expresses defendant's penal liability were he under the Determinate Sentencing Act; so also, in a very real sense, does it circumscribe his maximum additional exposure in the instant circumstances. Penal Code section 1170.2 mandates that the term of a prisoner sentenced indeterminately be calculated by the Community Release Board precisely as if the sentence were in fact determinate. On the face of this record, which contains both the Butte and Shasta County probation reports, absolutely nothing appears which suggests defendant's ineligibility for this administrative sentence-fixing procedure (see Pen. Code, § 1170.2, subd. (b)). Nonetheless, the advice of consequences given defendant was incorrect, if only because it did not comprehend the highly speculative possibility that an extended term hearing under Penal Code section 1170.2, subdivision (b), could exact a more stringent penalty.

Failure accurately to apprise a defendant of the consequences of a plea or admission constitutes error; reversal, however, is not required in the absence of prejudice. (*In re Ronald E.* (1977) 19 Cal.3d 315, 320-321 [137 Cal.Rptr. 781, 562 P.2d 684].) Here the charged violation of probation was defendant's conviction of grand theft in Butte County, a fact of which the Shasta court could in any event have taken

---

[1]The record shows defendant was accurately advised of the maximum indeterminate term before he pleaded guilty to the four counts of violation of Vehicle Code section 10851 in January 1977.

judicial notice (Evid. Code, § 452, subd. (d)). On review of the entire record, we are not convinced that even the most meticulously accurate advice would have dissuaded defendant from admitting the violation of probation. (See *In re Ronald E., supra,* 19 Cal.3d at pp. 325-326.) Accordingly, we cannot say that defendant has suffered any prejudice.[2]

Defendant contends the trial court failed to comply with the mandate of Welfare and Institutions Code section 707.2 which provides: "Prior to sentence, the court of criminal jurisdiction may remand the minor to the custody of the California Youth Authority for not to exceed 90 days for the purpose of evaluation and report concerning his amenability to training and treatment offered by the Youth Authority. No minor who was under the age of 18 years when he committed any criminal offense and who has been found not a fit and proper subject to be dealt with under the juvenile court law shall be sentenced to the state prison unless he has first been remanded to the custody of the California Youth Authority for evaluation and report pursuant to this section and the court finds after having read and considered the report submitted by the Youth Authority that the minor is not a suitable subject for commitment to the Youth Authority."

■ It will be seen that the first clause of the second sentence of section 707.2 is tautological. As used in the section, the word "minor" necessarily refers to one under age 18 (Civ. Code, § 25.1). The question is thus presented whether the provision applies to one who, when he appears for sentencing, is a minor or to one who, though an adult when he appears for sentencing, is before the court for a crime committed as a minor. We think the first suggested interpretation is the correct one and that the intent of the Legislature was to prohibit the commitment of minors to state prison without a preliminary Youth Authority evaluation. There is nothing in the recent case of *People* v. *Carl B.* (1979) 24 Cal.3d 212 [155 Cal.Rptr. 189, 594 P.2d 14], that points to a contrary conclusion.

Moreover, the alternate construction would lead to absurd results. Thus, a defendant who was under 18 when his offense was committed but who is not eligible for Youth Authority commitment because he

---

[2]The Shasta County sentence was imposed January 31, 1979. If defendant is to be given an extended term hearing, he must be so notified within 90 days of his receipt by the Department of Corrections. (Pen. Code, § 1170.2, subd. (b).) We have not been advised that defendant has been so notified.

was 21 years of age or older at the time of apprehension (Welf. & Inst. Code, § 1731.5, subd. (b)), would nevertheless have to be referred to the Youth Authority for "evaluation and report concerning his amenability to training and treatment offered by the Youth Authority." (Welf. & Inst. Code, § 707.2.)

We believe the construction of section 707.2 which we adopt comports with its evident purpose when considered in the context of the overall statutory scheme of which it is a part. (*Stanley* v. *Justice Court* (1976) 55 Cal.App.3d 244, 249, 253 [127 Cal.Rptr. 532].

The judgment is affirmed.

Janes, J., and Blease, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 8, 1980. Newman, J., was of the opinion that the petition should be granted.