[Crim. No. 22228. July 29, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY DAVID BLACK, Defendant and Appellant.

2

**COUNSEL**

Alex Reisman, under appointment by the Supreme Court, for Defendant and Appellant.

Quin Denvir, State Public Defender, and Kathleen Kahn, Deputy State Public Defender, as Amici Curiae on behalf of Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein and Edward P. O'Brien, Assistant Attorneys General, Thomas A. Brady, Ina Levin Gyemant and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROUSSARD, J.**—The second sentence of Welfare and Institutions Code section 707.2[1] provides that "[n]o minor who was under the age of 18 years when he committed any criminal offense . . ." and who was tried as an adult shall be sentenced to the state prison unless he has first been remanded to the California Youth Authority to evaluate his suitability for commitment to the Youth Authority. This case presents

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise noted. Section 707.2 states: "Prior to sentence, the court of criminal jurisdiction may remand the minor to the custody of the California Youth Authority for not to exceed 90 days for the purpose of evaluation and report concerning his amenability to training and treatment offered by the Youth Authority. No minor who was under the age of 18 years when he committed any criminal offense and who has been found not a fit and proper subject to be dealt with under the juvenile court law shall be sentenced to the state prison unless he has first been remanded to the custody of the California Youth Authority for evaluation and report pursuant to this section and the court finds after having read and considered the report submitted by the Youth Authority that the minor is not a suitable subject for commitment to the Youth Authority."

the question whether a person who was under 18 years when the offense was committed but who has turned 18 by the time of sentencing is entitled to be remanded to the Youth Authority for evaluation and report.

As we shall see, youthful offenders are subject to the supervision of the Youth Authority well beyond the age of 18 years. We conclude that, as used in section 707.2, "a minor who was under the age of 18 years when he committed any criminal offense" includes not only persons who are sentenced prior to their 18th birthday but also offenders who committed the offense prior to their 18th birthday, but are older at the time of sentencing so long as they are within the age of persons subject to training and treatment by the Youth Authority. Such a person therefore must be remanded for evaluation and report concerning his amenability to training and treatment by the Youth Authority prior to being sentenced.

Appellant Jeffrey Black was charged in a juvenile court petition with two counts of violating Penal Code section 245, subdivision (a) (assault with a deadly weapon) plus an enhancement pursuant to Penal Code section 12022.7 (infliction of great bodily injury). After a hearing, pursuant to section 707, appellant was found not a fit and proper subject to be dealt with under the Juvenile Court Law, and he was remanded to the adult court. On January 15, 1980, appellant pled nolo contendere to a violation of Penal Code sections 236 (false imprisonment) and 245, subdivision (a), and admitted certain enhancement allegations (Pen. Code, § 12022.7 and 12022, subdivision (b) [use of a deadly weapon in the commission of a felony]), on the condition that other allegations would be dismissed and that the sentences would run concurrently. On January 25, 1981, the Penal Code section 12022, subdivision (b) allegation was dismissed and defendant stipulated to a consecutive sentence. At the request of the prosecutor, and with the concurrence of defendant's lawyer, the court vacated the sentencing date of February 15 and reset the matter for February 22 to allow for completion of the presentence report by the probation department. Defendant's 18th birthday was February 19, 1980.

On February 22, 1980, the trial judge rejected defendant's request under section 707.2 to be sent to the Youth Authority for evaluation and report prior to sentencing. Instead, defendant was sentenced to three years and eight months in state prison.

Well-established principles of statutory construction compel the conclusion that a person in appellant's position must be remanded to the Youth Authority for an evaluation and report prior to sentencing. ■ The fundamental rule is that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Select Base Materials* v. *Board of Equalization* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) In determining such intent "[t]he court turns first to the words themselves for the answer." (*People* v. *Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1], cert. den. 340 U.S. 879 [95 L.Ed. 639, 71 S.Ct. 117].) "If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose." (*Select Base Materials* v. *Board of Equalization, supra,* 51 Cal.2d at p. 645.) "[A] construction making some words surplusage is to be avoided." (*Watkins* v. *Real Estate Commissioner* (1960) 182 Cal.App. 2d 397, 400 [6 Cal.Rptr. 191].) ■ When used in a statute words must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear, and the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230-231 [110 Cal.Rptr. 144, 514 P.2d 1224]; *Johnstone* v. *Richardson* (1951) 103 Cal.App.2d 41, 46 [229 P.2d 9].) ■ In addition, we consider the legislative history of the statute as well as the historical circumstances of its enactment in determining the intent of the Legislature. (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836].)

■ Although the word "minor" ordinarily connotes one who is under 18 years of age (see Civ. Code, § 25), such construction would defeat the legislative purpose as shown by other language of the section, the purpose of the section, consideration of other related statutes and the history of the provision.

We first look at the language of the statute itself. Due to the juxtaposition of the word "minor" with the phrase "who was under the age of 18 years when he committed any criminal offense," the word "minor" in section 707.2 should be interpreted to avoid redundancy to provide that a person who has turned 18 after the offense but prior to sentencing must be remanded to the Youth Authority for evaluation and report prior to being sentenced to the state prison. If "minor" is read in this section as limited to those under 18 years of age at the time of sentencing, the phrase "who was under the age of 18 years when he committed

any criminal offense" becomes surplusage because a person under 18 when sentenced must have been under 18 years when he committed the offense. However, if the word "minor" is read to mean one who is within the age group of those who may be subject to the continuing jurisdiction of the Youth Authority, no redundancy results.

Our search for the intent of the Legislature is aided by observation of the obvious purpose of section 707.2. The section is designed to aid the court in making its determination as to the proper sentence of the youthful offender. (See *People* v. *Grisso* (1980) 104 Cal.App.3d 380, 386 [163 Cal.Rptr. 547].) Whether or not the defendant is under age 18 at time of sentencing, requiring the evaluation and report furthers that legislative purpose because it can only assist the court in making an informed decision as to the proper sentence.

Obviously, a finding that a youthful offender is not a proper subject to be dealt with under the Juvenile Court Law does not preclude remanding him to the Youth Authority for evaluation and report. To the contrary, the finding is one of the factors that gives rise to the duty to obtain the evaluation report. Section 707.2 expressly provides that a "minor" who has been found not a proper subject to be dealt with under the Juvenile Court Law shall not be sent to prison unless the court finds after considering the Youth Authority report that he is not a suitable subject for commitment.

It is equally clear that persons who commit crimes while under 18 years of age may be committed to the Youth Authority even if they are over the age of 18 at the time of sentencing. (§ 1731.5; *People* v. *Olivas* (1976) 17 Cal.3d 236, 239 [131 Cal.Rptr. 55, 551 P.2d 375].) The legislative purpose of aiding the court in making an informed decision as to the proper sentence would be eviscerated if the minor could be sentenced directly to state prison without the report merely because he has turned 18 prior to sentencing.

Moreover, were we to hold that only those under 18 years at the time of sentencing are entitled to an evaluation and report, sections 707.2 and 1731.5[2] would be rendered inconsistent. This result would be con-

---

[2]Section 1731.5 states in relevant part:

"(a) After certification to the Governor as provided in this article a court may commit to the authority any person convicted of a public offense who comes within paragraphs (1), (2), and (3), or paragraphs (1), (2), and (4), below:

"(1) Is found to be less than 21 years of age at the time of apprehension.

"(2) Is not convicted of first-degree murder, committed when such person was 18 years of age or older, or sentenced to death, imprisonment for life, imprisonment for 90

trary to the established proposition that sections 707.2 and 1731.5 are *in pari materia*[3] and are to be harmonized as if one statute. (*People v. Eaker* (1980) 100 Cal.App.3d 1007, 1016 [161 Cal.Rptr. 417] cert. den. 449 U.S. 859 [66 L.Ed.2d 75, 101 S.Ct. 161].)

The first sentence of section 707.2 authorizes the court to remand the "minor" to the Youth Authority for evaluation and report prior to sentencing; section 1731.5 grants the court the option of committing offenders apprehended over the age of 18 to the Youth Authority. However, if the word "minor" is limited to those who are less than 18 years of age at the time of sentencing, the anomalous result, as the Court of Appeal noted in this case, is that "the sentencing court could have committed defendant directly to CYA without a CYA evaluation but could *not* have obtained such an evaluation under section 707.2 *prior* to sentence in order to determine whether appellant should be committed to CYA for the reason that defendant was 18 at the time of sentence." Obviously, no such absurd result was intended by the Legislature when it provided for a discretionary remand of a "minor" in the first sentence of section 707.2. Since it is to be presumed that the Legislature intended the word "minor" to have the same meaning in the second sentence of section 707.2 as it does in the first (*Golden Gate Scenic Steamship Lines, Inc. v. Public Utilities Commission* (1962) 57 Cal.2d 373, 378 [19 Cal.Rptr. 657, 369 P.2d 257]), construing "minor" in section 707.2 to include all those within the age of persons subject to commitment to the Youth Authority will harmonize sections 707.2 and 1731.5.

Our interpretation also follows from reading section 707.2 in the context of the general statutory scheme relating to the procedure whereby individuals are found not suitable for juvenile court treatment. The method for prosecuting a minor as an adult is supplied by sections 707-707.2. These sections were enacted at the same legislative session (Stats. 1975, ch. 1266), and they relate to the same subject; therefore, use of the word "minor" in one section should be consistent with its use

---

days or less, or the payment of a fine, or after having been directed to pay a fine, defaults in the payment thereof, and is subject to imprisonment for more than 90 days under the judgment.

"(3) Is not granted probation.

"(4) Was granted probation and probation is revoked and terminated."

[3]""Statutes in pari materia are those which relate to the same person or thing, or to the same class of persons or things. In the construction of a particular statute, or in the interpretation of any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law."" [Citations.]" (*Isobe v. Unemployment Ins. Appeals Bd.* (1974) 12 Cal.3d 584, 590 [116 Cal.Rptr. 376, 526 P.2d 528].)

in the others. (Cf. *U.S.* v. *American Bldg. Maint. Industries* (1975) 422 U.S. 271, 277 [45 L.Ed.2d 177, 184, 95 S.Ct. 2150].) Section 707[4] refers to persons described in section 602 in establishing a fitness hearing for those persons who were over 16 years of age but less than 18 at the time of commission of the offense for the purpose of determining whether the minor is a fit and proper subject to be dealt with under the Juvenile Court Law. Section 707.1[5] provides that a criminal case may proceed if the juvenile court has declared the "minor" not a fit and proper subject to be dealt with under the Juvenile Court Law, but specifies that "persons under 18 years of age" who are detained "pursuant to this section" in a facility in which adults are confined are to be segregated from adults kept in the same facility. Unless the word "section" applies to detainees over the age of 18, there is no reason for the phrase "persons under 18 years of age." By making the special provision for persons under 18, the Legislature must have contemplated that there would be persons detained pursuant to the section who were 18 or older at the time of their detention. The "minor" named in section 707.1, necessarily includes a person found not a fit and proper subject to be dealt with under the Juvenile Court Law pursuant to section 707 and a person who reaches the age of 18 before termination of criminal proceedings. To lend consistency to the general statutory scheme of which section 707.2 is a part, the word "minor" in the latter section should receive a similar construction.

The history of section 707.2 also supports our construction. Prior to the 1976 amendment (Stats. 1976, ch. 1069, § 1), section 707.2 pro-

[4]Section 707 provides in pertinent part: "(a) In any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he or she was 16 years of age or older, of any criminal statute or ordinance except those listed in subdivision (b), upon motion of the petitioner made prior to the attachment of jeopardy the court shall cause the probation officer to investigate and submit a report on the behavioral patterns and social history of the minor being considered for a determination of unfitness. Following submission and consideration of the report, and of any other relevant evidence which the petitioner or the minor may wish to submit, the juvenile court may find that the minor is not a fit and proper subject to be dealt with under the juvenile court law if it concludes that the minor would not be amenable to the care, treatment, and training program available through the facilities of the juvenile court, . . ."

[5]Section 707.1 states in pertinent part: "If the minor is declared not a fit and proper subject to be dealt with under the Juvenile Court Law, the district attorney or other appropriate prosecuting officer shall acquire the authority to file an accusatory pleading against the minor in a court of criminal jurisdiction. . . . When a person under 18 years of age is detained pursuant to this section in a facility in which adults are confined, it shall be unlawful to permit such person to come or remain in contact with such adults."

vided in pertinent part, "[e]xcept as provided in Sections 1731.5 and 1737.1, no minor who was under the age of 18 years when he committed any criminal offense, and who has been found not a fit and proper subject to be dealt with under the Juvenile Court Law pursuant to section 707, shall be sentenced to the state prison, except upon petition filed pursuant to Article 5 (commencing with section 1780) of Division 2.5." (Stats. 1975, ch. 1266, § 6.) The petition referred to in article 5 was formerly filed by the Youth Authority (now filed by the Youthful Offender Parole Board) regarding a person for whom "the date of discharge occurs before expiration of a period of control equal to the maximum term prescribed by law for the offense of which he or she was convicted" (§ 1780), but whose unrestrained freedom would be dangerous to the public. Such a "minor" could be approaching his or her 23d or 25th birthday. (See §§ 1770, 1771.)[6] Thus, the "minor" referred to in the original version of section 707.2 was not necessarily a person under 18 years of age at the time of filing the article 5 petition. The 1976 version of section 707.2 adopted verbatim the phrase "no minor who was under the age of 18 years when he committed any criminal offense." Since there is no indication that the Legislature intended to change the meaning of "minor" in the 1976 version of section 707.2, we presume that the Legislature did not mean to limit "minor" in the context of presentencing evaluations to those under 18 years of age. "'[F]ailure to make changes in a given statute in a particular respect when the subject is before the Legislature, and changes made in other respects, is indicative of an intention to leave the law unchanged in that respect.' [Citations.]" (*Bishop* v. *City of San Jose* (1969) 1 Cal.3d 56, 65 [81 Cal.Rptr. 465, 460 P.2d 137]; *Tillie Lewis Foods, Inc.* v. *City of Pittsburg* (1975) 52 Cal.App.3d 983, 1003 [124 Cal.Rptr. 698].)

Moreover, grave constitutional questions would be encountered were the statute read so as to afford the presentence evaluation to a person who is still under 18 at the time of sentencing while denying such an evaluation to those who may have reached 18 years of age by the time

[6]Section 1770 states: "Every person convicted of a misdemeanor and committed to the authority shall be discharged upon the expiration of a two-year period of control or when the person reaches his 23d birthday, whichever occurs later, unless an order for further detention has been made by the committing court pursuant to Article 6 (commencing with Section 1800)."

Section 1771 states: "Every person convicted of a felony and committed to the authority shall be discharged when such person reaches his 25th birthday, unless an order for further detention has been made by the committing court pursuant to Article 6 (commencing with Section 1800) or unless a petition is filed under Article 5 of this chapter. In the event such a petition under Article 5 is filed, the authority shall retain control until the final disposition of the proceeding under Article 5."

of sentencing. The instant case demonstrates the arbitrariness of a rule requiring that the "minor" be under 18 at the time of sentencing. The appellant turned 18 years old 3 days before sentencing. But for the request of the district attorney for a continuance, appellant would have been under 18 at the time of sentencing. We can discern no legislative intent that a distinction be made based on the vagaries of the time period necessary to bring the minor before the court for trial and sentencing. An individual threatened with the approach of his 18th birthday might be forced to take steps to hasten the proceedings. For example, an individual found not fit to be dealt with under the Juvenile Court Law, but who maintains his innocence, may be pressured to forego the right to a jury trial rather than take the risk that if he turns 18 years old before sentencing he may be sent directly to state prison. Thus, the individual faces a potential penalty for the exercise of a constitutional right. This result, of course, would violate due process. (*In re Lewallen* (1979) 23 Cal.3d 274, 278 [152 Cal.Rptr. 528, 590 P.2d 383, 100 A.L.R.3d 823].) Our proposed construction of the statute avoids making it susceptible to such unconstitutional results. (*Erlich* v. *Municipal Court* (1961) 55 Cal.2d 553, 558 [11 Cal.Rptr. 758, 360 P.2d 334].)

To the extent that it is inconsistent with the opinion herein, *People* v. *Jones* (1979) 98 Cal.App.3d 694 [159 Cal.Rptr. 641], is disapproved. That court held that the word "minor" as used in section 707.2 only refers to a person under the age of 18 years at the time of sentencing. The court expressed concern that a broader reading of the statute would lead to absurd results because a defendant who was under the age of 18 when he committed the offense, but who is not eligible for Youth Authority commitment because he was 21 years of age or older at the time of apprehension, would nevertheless have to be referred to the Youth Authority for evaluation and report concerning his amenability to training and treatment offered by the Youth Authority.[7] We perceive little danger of the absurd results feared by the *Jones* court. The rare case posited by *Jones* is not an adequate justification for denying referral to the class of people who would be eligible for commitment to the Youth Authority.

[7]This case does not involve the issue of whether a minor who is statutorily ineligible for Youth Authority commitment must nevertheless be remanded for evaluation and report prior to sentencing to the state prison. We left that question open in *In re Jeanice D.* (1980) 28 Cal.3d 210, 214 [168 Cal.Rptr. 455, 617 P.2d 1087]. At least one court has said that the minor is entitled to the report whether or not he is eligible for commitment to the Youth Authority. *People* v. *Grisso* (1980) 104 Cal.App.3d 380, 386 [163 Cal.Rptr. 547]; see also *People* v. *Eaker* (1980) 100 Cal.App.3d 1007, 1014-1016 [161 Cal.Rptr. 417].)

In sum, we conclude that the word "minor" in section 707.2 includes any person who is within the age of those subject to training by the Youth Authority. An individual's right to Youth Authority evaluation, and his opportunity to receive Youth Authority commitment in lieu of a prison sentence, should not be denied because sentencing is delayed by congested calendars or other causes.

The judgment is reversed. The cause is remanded with directions to determine the appropriate disposition consistent with the views expressed in this opinion.

Bird, C. J., Mosk, J., Richardson, J., Newman, J., and Kaus, J., concurred.