[No. B026235. Second Dist., Div. Two. Oct. 22, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE LUIS TORREZ, Defendant and Appellant.

**COUNSEL**

Lloyd Jeffrey Wiatt for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Linda C. Johnson and Carolyn D. Fuson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FUKUTO, J.**—Jose Luis Torrez appeals from the judgment entered following his pleas of guilty to five counts of lewd conduct with a child under the age of fourteen years and one count of incest, and admissions that he occupied a position of special trust and committed acts of substantial sexual conduct in the commission of each offense. (Pen. Code, §§ 288, subd. (a), 285, 1203.066, subd. (a)(9).) He was sentenced to state prison for six years and contends: (1) that the superior court was without jurisdiction because an information was never filed; (2) that his pleas and admissions must be set

aside because the trial court failed to advise him that admission of the Penal Code section 1203.066 allegations rendered him presumptively ineligible for probation; (3) that trial counsel was incompetent because he failed to argue that appellant was eligible and suitable for probation; (4) that the trial court abused its discretion in denying probation and sentencing appellant to the midterm of six years.

A felony complaint was filed in the municipal court of the Citrus Judicial District charging appellant with five counts of lewd conduct with a child under the age of fourteen years and one count of incest, and accompanying special trust allegations. Appellant pleaded not guilty and denied the special trust allegations. At appellant's request, the preliminary hearing was continued and the matter transferred to the Los Angeles County Superior Court for a prepreliminary hearing.[1]

At the prepreliminary hearing, a negotiated disposition of the case was reached by the parties and the court, and placed on the record. Appellant waived his rights to preliminary hearing and trial, pleaded guilty to all counts, and admitted all accompanying special trust allegations.[2] In return, the court promised to commit appellant to the Department of Corrections for a diagnostic study pursuant to Penal Code section 1203.03, and agreed to be bound by the recommendation contained in the diagnostic report. The court stated, in relevant part: "Now, if they recommend a state penitentiary sentence, I have agreed to limit that sentence to a total term of six years in the state penitentiary. . . . [¶] Now, if they recommend a grant of probation, I will be bound by that recommendation and you'll be placed on probation for a period of five years, on various terms and conditions. One of those terms will involve your serving a total term of one year in the Los Angeles County Jail, less any time that you would have already served up until that time. . . ."

The diagnostic study recommended commitment to state prison. At the sentencing hearing, defense counsel indicated that appellant wished to be sentenced based upon the information contained in the probation and diagnostic reports. Pursuant to the plea bargain, appellant was sentenced to concurrent six-year terms on each of the lewd conduct counts (Pen. Code, § 288, subd. (a)) and a concurrent two-year term for the incest count (Pen. Code, § 285). This appeal followed.

---

[1] This practice is apparently employed by the Pomona branch of the Los Angeles County Superior Court to facilitate negotiated dispositions in felony prosecutions prior to preliminary hearing.

[2] A detailed statement of underlying facts is unnecessary. It suffices to say that appellant sexually molested his own daughter from age 10 through age 14.

■ Appellant now contends that the superior court was without jurisdiction to impose judgment because an information was never filed, as required by Penal Code section 737. This contention is unavailing. At the time appellant entered his pleas and admissions, a copy of the felony complaint was filed in the superior court in lieu of an information. Appellant accepted the court's offer for a referral to the Department of Corrections for diagnostic study, with the possibility of a binding recommendation for probation, without objection to proceeding without an information. Appellant's failure to object must be regarded as an implied consent to treat the complaint as an information. (Cf. *People* v. *Francis* (1969) 71 Cal.2d 66, 75 [75 Cal.Rptr. 199, 450 P.2d 591].)

■ Appellant asserts that his pleas and admissions must be set aside because he was not specifically advised that his admission of the special trust allegations rendered him ineligible for probation unless the court made certain findings under Penal Code section 1203.066, subdivision (c).[3] For the first time on appeal, he baldly asserts that he would not have admitted the special trust allegations had such advice been imparted prior to the entry of his pleas. Appellant's claim of prejudice finds little support in the record, however. The court advised appellant that it would be bound by a recommendation by the Department of Corrections to place appellant on probation. It was within the trial court's discretion to place appellant on probation if it found that appellant was the victim's parent, which he was, that imprisonment of appellant was not in the best interest of the child, that rehabilitation of appellant was feasible in a recognized treatment program designed to deal with child molestation, and that there was no threat of physical harm to the child victim if there was no imprisonment. (Pen. Code, § 1203.066, subd. (c)(1)-(4).) The record is devoid of evidence that the trial court would *not* have complied with the plea bargain, and placed appellant on probation, had the Department of Corrections recommended probation. (Cf. *People* v. *Caban* (1983) 148 Cal.App.3d 706, 712 [196 Cal.Rptr. 177].) Moreover, we find incredible the suggestion that appellant would not have agreed to a negotiated disposition, involving the *possibility* of a binding recommendation of probation, had he been advised the probation would be

---

[3] Penal Code section 1203.066, subdivision (c) provides that a defendant is *not* ineligible for probation despite a special trust finding if the court finds: "(1) The defendant is the victim's natural parent, adoptive parent, stepparent, relative, or is a member of the victim's household who has lived in the household. [¶] (2) Imprisonment of the defendant is not in the best interest of the child. [¶] (3) Rehabilitation of the defendant is feasible in a recognized treatment program designed to deal with child molestation, and if the defendant is to remain in the household, a program that is specifically designed to deal with molestation within the family. [¶] (4) There is no threat of physical harm to the child victim if there is no imprisonment. The court upon making its findings pursuant to this subdivision is not precluded from sentencing the defendant to jail or prison, but retains the discretion not to. The court shall state its reasons on the record for whatever sentence it imposes on the defendant."

precluded if the court found that probation was *not* in the best interest of his child, that appellant's rehabilitation was *not* feasible, or that appellant posed a threat of physical harm to his daughter, if *not* imprisoned. Appellant has failed to sustain the burden of proving with credible evidence that he was prejudiced by the court's omission. (*People* v. *Jones* (1979) 98 Cal.App.3d 694, 698-699 [159 Cal.Rptr. 641] disapproved on other grounds in *People* v. *Black* (1982) 32 Cal.3d 1, 10 [184 Cal.Rptr. 454, 648 P.2d 104].)

■ Appellant also contends that he was deprived of effective assistance of counsel because his attorney failed to argue for a lower term or probation at the sentencing hearing. This contention is wholly without merit. Appellant knowingly and intelligently agreed to a plea bargain which bound the court to follow the recommendation of the Department of Corrections to grant probation, or alternatively, to impose a state prison sentence. A state prison sentence was recommended and appellant received the benefit of his bargain when the trial court imposed the promised maximum six-year term rather than the much longer sentence allowed by law.

Furthermore, defense counsel requested that appellant be sentenced based upon the probation report and the diagnostic study prepared by the Department of Corrections. The probation report recommended that probation be granted. The diagnostic report concluded that commitment to state prison was the most appropriate disposition, but noted that there had been an "initial difference of opinion in the recommendations of staff evaluators. . . ." Included with the diagnostic study was the psychological evaluation of a Department of Corrections staff psychologist who recommended a grant of formal probation. Apart from whether trial counsel had any duty, under the circumstances, to orally argue that appellant was eligible and suitable for probation, or that a lower term was appropriate (cf. *People* v. *Kozel* (1982) 133 Cal.App.3d 507, 534 [184 Cal.Rptr. 208]; *People* v. *Cropper* (1979) 89 Cal.App.3d 716, 721 [152 Cal.Rptr. 555]), the trial court was fully apprised of the factors militating for and against a more lenient disposition and we find it inconceivable that "a determination more favorable to [appellant] would have resulted in the absence of counsel's failings." (*People* v. *Fosselman* (1983) 33 Cal.3d 572, 584 [189 Cal.Rptr. 855, 659 P.2d 1144].)

■ Appellant's remaining contention, that the court abused its discretion in denying probation and imposing a six-year state prison term, is equally meritless. Appellant's agreement to a prison sentence not to exceed six years " 'constitutes an adequate reason for the imposition of the punishment specified.' " (*People* v. *Tucker* (1986) 187 Cal.App.3d 295, 297 [231 Cal.Rptr. 671].)

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.