[No. E021039. Fourth Dist., Div. Two. Oct. 2, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD EDWARD RODOLA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and III.

## COUNSEL

John Ward, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HOLLENHORST, Acting P. J.**—A jury found defendant guilty of first degree burglary in violation of Penal Code section 459.[1] Defendant subsequently admitted that he had suffered seven prior "strike" convictions (§§ 667, subds. (c) and (e), 1170.12, subd. (c)), three prior serious felony convictions (§ 667, subd. (a)), and four prison priors (§ 667.5, subd. (b)). Defendant was sentenced to state prison for a total indeterminate term of 40 years to life. This was composed of a term of twenty-five years to life under the "Three Strikes" law and five years for each of the three prior serious felony convictions. Defendant appeals on three separate grounds.

### STATEMENT OF FACTS

The facts are not in dispute. On December 22, 1996, defendant was caught in the act of burglarizing a residence. A woman observed defendant go into her neighbor's backyard. She called the police who apprehended defendant while he was walking away from the rear of the house. A police officer advised defendant of his constitutional rights pursuant to *Miranda* v. *Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974]. Defendant waived those rights and admitted that he planned to burglarize the residence. He further admitted that he had cut the screen on the window but had not been able to enter the house because a washer and dryer pushed against the window prevented the window from opening wide enough for him to get into the house.

### DISCUSSION

I. *CALJIC No. 2.90**

. . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Felony Status of Grand Theft of a Firearm*

 Section 667, subdivision (a) provides for a five-year enhancement for each prior serious felony conviction. A "serious felony" is defined as a serious felony listed in subdivision (c) of section 1192.7.

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante*, page 1505.

Defendant contends that the trial court erred in imposing a five-year term under section 667, sudivision (a) for his prior conviction for grand theft of a firearm (former § 487, subd. 3)[4] because such offense is not a serious prior felony under section 1192.7, subdivision (c). Section 1192.7, subdivision (c)(26) provides that "grand theft involving a firearm" is a serious felony. Defendant argues that theft of a firearm does not "involve" a firearm.

■ To determine the meaning of section 1192.7 we must " 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] Our first step is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. [Citations.]" (*People* v. *Valladoli* (1996) 13 Cal.4th 590, 597 [54 Cal.Rptr.2d 695, 918 P.2d 999].) Defendant argues that the words "involving a firearm" mean to "employ" or "engage" a firearm. (Webster's New Internat. Dict. (3d ed. 1961) p. 1191.) While this definition is arguably valid, it is not exclusive. "Involve" also means "to have within or a part of itself," to "contain" or to "include." (*Ibid.*) ■ Accordingly, grand theft "involving" a firearm is reasonably construed as any grand theft where a firearm is part of the crime—whether as a weapon to effect the crime or as the object of the crime.

■ Second, if possible, every word and phrase of a statute should be given significance in order to effect the legislative intent. (*People* v. *Black* (1982) 32 Cal.3d 1, 5 [184 Cal.Rptr. 454, 648 P.2d 104].) The People properly afford such significance arguing "[h]ad the Legislature intended to limit the category of serious felonies to those situations where the defendant actually uses a firearm during commission of a grand theft, it could have easily done so by listing a serious felony 'grand theft using a firearm.' The Legislature, instead, appears to have contemplated a broader class of crimes . . . ."

Finally, arguing that any ambiguity must be construed in defendant's favor, defendant fails to first consider legislative intent to clarify the meaning of section 1192.7. (*People* v. *Whisenand* (1995) 37 Cal.App.4th 1383, 1389 [44 Cal.Rptr.2d 501].) ■ The Legislative Counsel's Digest states "[t]his bill would include within the list of serious felonies the grand theft of a firearm . . . ." (Legis. Counsel's Dig., Assem. Bill No. 566, 4 Stats. 1989 (Reg. Sess.) Summary Dig., p. 386.) In light of this clearly stated legislative intent and the fact that the plain meaning of "involve" does not prohibit the inclusion of defendant's offense, we hold that grand theft of a firearm constitutes a serious felony within the meaning of section 1192.7, subdivision (c)(26). Accordingly, we affirm the five-year term imposed for this serious prior felony conviction.

---

[4]This offense is now contained in section 487, subdivision (d).

III. *Cruel and Unusual Punishment\**

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Richli, J., and Gaut, J., concurred.

Appellant's petition for review by the Supreme Cout was denied January 20, 1999. Kennard, J., was of the opinion that the petition should be granted.

---

\*See footnote, *ante*, page 1505.