Filed 6/2/15  P. v. Cotey CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN WILLIAM COTEY II,<br><br>    Defendant and Appellant. | F068841<br><br>(Super. Ct. No. SCR013431)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

_____

[*]    Before Cornell, Acting P.J., Poochigian, J. and Peña, J.

John William Cotey II pled guilty to possession of stolen property (Pen. Code, § 496, subd. (a))[1] and admitted a prior strike conviction. He was sentenced to the agreed-upon term of four years in prison.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 stating that after reviewing the record, he did not identify any arguable issues. By letter dated June 20, 2014, we invited Cotey to submit additional briefing. Corey responded to our invitation by letter. We have reviewed the record and Cotey's letter and conclude there are no arguable issues in this case. Accordingly, we affirm the judgment.

### FACTUAL AND PROCEDURAL SUMMARY

Initially, three separate complaints were filed against Cotey. The operative pleading was the first amended information that was filed after the trial court granted the prosecution's motion to consolidate the actions. The first amended information charged Cotey with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), transportation of a controlled substance (*id.*, § 11352, subd. (a)), possession of stolen property (§ 496, subd. (a)), misdemeanor possession of marijuana (Health & Saf. Code, § 11357, subd. (c)), and misdemeanor vandalism (§ 594, subd. (a).) The information also alleged as enhancements to counts 1, 2, and 3 that Cotey had (1) suffered a prior conviction that constituted a strike within the meaning of section 667, subdivisions (b) through (i), and (2) served a prison sentence as a result of a prior conviction within the meaning of section 667.5, subdivision (b).

Cotey entered into a plea agreement that required him to plead guilty to possession of stolen property and to admit the prior conviction that constituted a strike. In exchange, the remaining counts and enhancement would be dismissed, and he would be sentenced to a prison term of four years (midterm of two years, doubled because of the prior conviction). Cotey retained the right to argue at sentencing that his prior conviction did

---

[1]All statutory references are to the Penal Code unless otherwise noted.

not constitute a strike as defined in section 667, subdivision (d). He signed a waiver of rights/plea form and initialed the form in the appropriate places to indicate he understood his trial rights and waived those rights. The trial court confirmed Cotey initialed, signed, and understood the waiver of rights/plea form and then explained, and obtained a waiver of, Cotey's trial rights. The trial court also confirmed that Cotey and his attorney had had ample time to discuss the charges and the plea agreement. The trial court then accepted Cotey's guilty plea and admission to the enhancement.

At the sentencing hearing the trial court rejected Cotey's argument that the prior conviction did not constitute a strike within the meaning of section 667, subdivision (d). The court then sentenced him to the agreed-upon prison term of four years. Cotey filed a notice of appeal that indicated the basis of the appeal was whether the prior conviction constituted a strike. He did not include a request for a certificate of probable cause.

## DISCUSSION

Cotey's notice of appeal limits the issues that we may address because section 1237.5 precludes an appeal from the judgment entered after a guilty plea unless the defendant applies for, and the trial court grants, a certificate of probable cause. Without a certificate of probable cause, any issues raised by the defendant generally are not reviewable. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1187.)

There are two exceptions to this general rule. A defendant does not need a certificate of probable cause to appeal when the appeal addresses postplea matters not challenging the plea's validity, or when the issue is the lawfulness of a search or seizure that was first contested in the trial court before the defendant entered a plea. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096; Cal. Rules of Court, rule 8.304(b)(4).)

In response to our June 20, 2014, letter, Cotey asserts three errors occurred in the trial court. The first two, whether the crime to which Cotey pled should have been a misdemeanor because the value of the property was less than $950 and the prosecutor "threatened" Cotey's constitutional right to a speedy trial, are not cognizable because

3.

they challenge the validity of the plea.  The third error asserted by Cotey is that the record is incomplete.  We find no basis for this assertion.

To the extent the appeal could be construed as addressing whether Cotey's prior conviction was a strike within the meaning of section 667, subdivision (d), the issue stated in the notice of appeal, we find no merit to Cotey's argument.  The prior conviction admitted by Cotey was a violation of section 487, subdivision (d)(2).  This crime is defined as grand theft of a firearm.

Section 667, subdivision (d) defines a prior strike conviction as any offense defined as a violent felony by section 667.5, subdivision (c), or any offense defined as a serious felony by section 1192.7, subdivision (c).  As applicable here, section 1192.7, subdivision (c)(26) lists as a serious felony "grand theft involving a firearm."  Since Cotey was convicted of grand theft of a firearm, his crime is a serious felony pursuant to section 1192.7.  (*People v. Rodola* (1998) 66 Cal.App.4th 1505, 1508.)

## DISPOSITION

The judgment is affirmed.