[No. F009905. Fifth Dist. Jan. 4, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT J. ISAIA, Defendant and Appellant.

COUNSEL

Howard J. Berman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, W. Scott Thorpe and Mary Jane Hamilton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HAMLIN, J.**—Upon a trial by the court at which the issue of defendant's guilt was submitted upon the transcript of the preliminary hearing, defendant was convicted of unauthorized possession of marijuana in a prison farm in violation of Penal Code section 4573.6.[1] Defendant appeals his felony conviction, contending the municipal court was correct in finding that the crime was a misdemeanor; thus his guilty plea to the misdemeanor charge should stand. Defendant's contention requires us to construe section 18; the construction we adopt dictates that we reject defendant's contention and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant was an inmate of the Stanislaus County Honor Farm when a marijuana cigarette was found in his possession. Following the preliminary hearing on the charge of unauthorized possession of drugs in a prison farm, the municipal court found, pursuant to section 17, subdivision (b)(5), and section 18, that defendant's crime was a misdemeanor. Defendant pleaded guilty to the misdemeanor violation.

The superior court overturned the municipal court's finding and ordered that the municipal court's order reducing the charge to a misdemeanor be vacated. The municipal court followed the superior court's order and, based on the preliminary hearing, held defendant to answer for a felony violation of section 4573.6. The superior court found defendant guilty as charged based on the transcript of the preliminary hearing.

### DISCUSSION

*Section 18 Applies Only to Those Offenses Punishable in the Alternative by Imprisonment in the State Prison or by Fine*

Defendant was charged with violating section 4573.6, which provides: "Any person who knowingly has in his or her possession in any state prison, prison road camp, prison forestry camp, or other prison camp or prison farm or any place where prisoners of the state are located under the custody of prison officials, officers, or employees, or in any county, city and county or city jail, road camp, farm, or any place or institution, where prisoners or inmates are being held under the custody of any sheriff, chief of police, peace officer, probation officer, or employees, or within the grounds belonging to any such jail, road camp, farm, place or institution, any controlled

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

substances, or drugs in any manner, shape, form, dispenser or container, any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming controlled substances or drugs, or alcoholic beverage, without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison or jail, institution, camp, farm or place, or by the specific authorization of the warden, superintendent, jailer or other person in charge of the prison, jail, institution, camp, farm or place, is guilty of a felony."

That charge was reduced to a misdemeanor under section 18. That section has gone through several changes since enacted:

### ORIGINAL VERSION

"Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment in any of the state prisons, not exceeding five years." (Stats. 1931, ch. 483, § 2, p. 1058.)

### 1953 VERSION

"Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment in any of the state prisons, not exceeding five years; provided, however, every offense which is prescribed by any law of the state to be a felony punishable by imprisonment in any of the state prisons or by a fine, but without an alternate sentence to the county jail, may be punishable by imprisonment in the county jail not exceeding one year or by a fine, or by both.

"This section shall not be construed to apply to offenses set forth in Division 10 of the Health and Safety Code." (Stats. 1953, ch. 812, § 1, p. 2119.)

### 1957 VERSION

"Except in cases where a different punishment is prescribed by any law of this State, every offense declared to be a felony is punishable by imprisonment in any of the state prisons, not exceeding five years; provided, however, every offense which is prescribed by any law of the State to be a felony punishable by imprisonment in any of the state prisons or by a fine, but without an alternate sentence to the county jail, may be punishable by imprisonment in the county jail not exceeding one year or by a fine, or by both.

"This section shall not be construed to apply to offenses set forth in Division 10 of the Health and Safety Code, nor to any offense which is prescribed by any law of this State to be a felony punishable by imprisonment in any of the state prisons, but without alternative of fine." (Stats. 1957, ch. 2262, § 1, p. 3966.)

## 1976 VERSION (THE CURRENT VERSION)

"Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years; provided, however, every offense which is prescribed by any law of the state to be a felony punishable by imprisonment in any of the state prisons or by a fine, but without an alternate sentence to the county jail, may be punishable by imprisonment in the county jail not exceeding one year or by a fine, or by both." (Stats. 1976, ch. 1139, § 98, p. 5089.)

In 1956 the California Attorney General's office issued an opinion (28 Ops.Cal.Atty.Gen. 279 (1956)) that interpreted the 1953 version; in particular, "whether this section gives a court the discretion to impose county jail sentences of a period not to exceed one year for any offense for which imprisonment in the state prisons is the prescribed punishment" as compared to offenses punishable in the alternative by imprisonment in the state prison or by fine. (*Ibid.*)

"It is not without significance that a comma is omitted in section 18 after the word 'prisons' in the clause, 'provided, however, every offense which is prescribed by any law of the State to be a felony punishable by imprisonment in any of the state prisons or by a fine . . .' Following general rules of punctuation, the punishments of imprisonment in the state prisons and fine are to be read as alternative punishments to the same offense; that is, the proviso clause is limited to offenses punishable in the alternative by imprisonment in a state prison or by fine and has no application to those offenses punishable solely by imprisonment in the state prisons. While punctuation rules are not controlling in the face of obvious legislative intent to the contrary, they are properly used to construe otherwise ambiguous expressions . . . .

" . . . . . . . . . . . . . . . . . . .

"Therefore, it is our opinion that by omitting the said comma the Legislature intended that only those offenses punishable alternatively by imprisonment in the state prisons or by fine, but without an alternate sentence to the

county jail, may be punishable by imprisonment in the county jail not exceeding one year or by a fine or by both." (28 Cal.Ops.Atty.Gen. at pp. 281-282.)

In 1957 section 18 was amended adding language to the second paragraph consistent with the conclusion of the Attorney General, thus making it clear that the section applied only to offenses that had alternate punishment schemes of state prison or a fine.

In 1976 section 18 was amended as part of the sweeping changes made when California enacted the determinate sentencing law. The entire second paragraph was deleted from the 1976 version, thus allowing the application of section 18 to division 10 of the Health and Safety Code and also removing the clarifying language added in 1957 to the second paragraph.

Defendant asserts that the change in 1976 removing the 1957 amendment language that gave effect to the 1956 Attorney General's opinion was a clear and express legislative intent to convert all qualifying felonies, not just those with alternative prison or fine punishments, into "wobblers" giving the magistrate the authority to reduce the offense to a misdemeanor.

We evaluate defendant's assertion in light of established rules of statutory construction. ■ In *People* v. *Black* (1982) 32 Cal.3d 1, 5 [184 Cal.Rptr. 454, 648 P.2d 104], the Supreme Court discussed these rules: "The fundamental rule is that a court 'should ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] In determining such intent '[t]he court turns first to the words themselves for the answer.' [Citation.] 'If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.' [Citation.] '[A] construction making some words surplusage is to be avoided.' [Citation.] When used in a statute words must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear, and the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.] In addition, we consider the legislative history of the statute as well as the historical circumstances of its enactment in determining the intent of the Legislature. [Citation.]"

■ Although "[i]t is ordinarily to be presumed that the Legislature by deleting an express provision of a statute intended a substantial change in the law" (*People* v. *Valentine* (1946) 28 Cal.2d 121, 142 [169 P.2d 1]), it is reasonable to assume that the Legislature will omit provisions that are entirely unnecessary and surplusage. (See *id*. at p. 138.) In our view, the current version of section 18 is unambiguous: the concluding language in

the second paragraph of the 1957 version was purely surplusage and was properly removed from the section without changing its meaning.

The current version of section 18 clearly distinguishes two categories of felonies. In the first category are those offenses "declared to be a felony, or to be punishable by imprisonment in a state prison." In the second category are those offenses prescribed to be felonies "punishable by imprisonment in any of the state prisons or by a fine, but without an alternate sentence to the county jail." (§ 18.) If the interpretation defendant asserts were correct, the "however" clause of the statute would be surplusage. As previously set forth, constructions which would make part of the statute surplusage should be avoided. (*People* v. *Black, supra,* 32 Cal.3d at p. 5.)

■ The statute in its present version clearly allows the court to reduce felonies to misdemeanors only when the felony is punishable in the alternative by a prison term *or* fine. It does not apply to felonies, such as the felony of which defendant was charged, that do not contain an alternative punishment of a fine. There is nothing in the legislative history that would indicate the intent was otherwise.[2] The statute is not ambiguous. The words are clear and support the judgment of the trial court.

The judgment is affirmed.

Franson, P. J., and Stone (W. A.), J., concurred.

Appellant's petition for review by the Supreme Court was denied April 20, 1989. Mosk, J., was of the opinion that the petition should be granted.

---

[2] The People have requested that this court take judicial notice of the legislative history that was set forth in the opposition papers to the writ of prohibition and mandate previously filed and denied regarding this same action (F008996). Pursuant to Evidence Code section 452, subdivision (d), this court takes judicial notice as requested.