15 Cal.Rptr.3d 210 (2004)
120 Cal.App.4th 299
The PEOPLE, Plaintiff and Respondent,
v.
Oscar ESQUIVEL MARTINEZ, Defendant and Appellant.
No. G032245.
Court of Appeal, Fourth District, Division Three.
June 30, 2004.
Review Granted September 15, 2004.
*211 Sharon M. Jones, Ventura, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Melissa A. Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
RYLAARSDAM, Acting P.J.
Defendant Oscar Esquivel Martinez was convicted of three counts of robbery (Pen.Code, § 211; all further statutory reference are to this code unless otherwise indicated), active participation in a criminal street gang (§ 186.22 subd. (a)), carrying a loaded firearm while a member of a criminal street gang (§ 12031, subd. (a)(1)), and assault with a semiautomatic firearm (§ 245, subd. (b)). The jury found all but one of these crimes had been committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that defendant personally used a firearm to commit the offenses (§ 12022.53, subds.(b), (d) & (e)(1)). In a bifurcated proceeding the court found that defendant previously had been convicted of a serious felony (§ 667, subds. (a)(1), (d) & (e)). Pursuant to that finding, the court doubled the base terms imposed for the various convictions and sentenced defendant to a total term of 44 years.
In this appeal, defendant contends that insufficient evidence supports his conviction for active participation in a criminal street gang, that the trial court erred in admitting evidence of his earlier possession of a firearm, and that the court erred as a matter of law in finding his prior conviction constituted a serious felony under the "One Strike" law. We reject defendant's *212 contentions and affirm the judgment.
To the extent any evidence is relevant to issues raised in the appeal, we discuss it in connection with defendant's contentions.

DISCUSSION

Sufficient Evidence Supports Defendant's Conviction for Active Participation in a Criminal Street Gang
Section 186.22, subdivision (a) states that a "person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang," is guilty of a crime. Section 186.22, subdivision (b)(1), with exceptions not relevant here, provides for an enhanced sentence where a felony is committed "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members."
Defendant asserts there was no evidence that the Little Minnie Street gang, of which defendant was a member, had as "one of its primary activities ... the commission of specified criminal acts." Hence, he argues, there is insufficient evidence to support the conviction for active participation in a criminal street gang or for the "gang benefit" enhancement. Not so.
As defined in Section 186.22, subdivision (f), a "`criminal street gang' means any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25)...." Defendant's argument seems to be entirely predicated on the fact that the magic phrase "primary activity" was not used by the gang expert who testified on behalf of the prosecution. We know of no authority, nor does defendant cite any, requiring the use of particular language to establish the criminal nature of a street gang.
The Attorney General's brief spells out in considerable detail all of the evidence adduced concerning the criminal activities of Little Minnie Street. We need not repeat all of it here. Suffice it to note that Officer Blair of the Tustin Police Department testified that Little Minnie members attempted murders, engaged in drive-by shootings and vehicle burglaries, illegally possessed firearms, and shot at an inhabited building. And, as pointed out by the Attorney General, the robberies which are the basis for defendant's conviction also provide evidence of the gang's purposes and activities. (People v. Sengpadychith (2001) 26 Cal.4th 316, 323, 109 Cal.Rptr.2d 851, 27 P.3d 739.) This scope of criminal activity hardly qualifies as the "occasional commission" of designated crimes as defendant argues.

The Trial Court Did Not Err in Admitting Evidence of Defendant's Earlier Possession of a Weapon Similar to the One Used in the Commission of the Crimes
The court admitted evidence that, two years before the commission of the present crime and in connection with a drive-by shooting by another member of Little Minnie, defendant was in possession of a similar firearm. The only objection to the admission of the evidence was based on Evidence Code section 352 as creating undue prejudice. Evidence of defendant's conviction for possessing a firearm for the benefit of a criminal street gang was not admitted at that time.
Defendant does not attack the relevancy of the evidence, but only asserts it "was *213 far more prejudicial than probative." A ruling under Evidence Code section 352 is reviewed for abuse of discretion. (People v. Lewis (2001) 26 Cal.4th 334, 372-373, 110 Cal.Rptr.2d 272, 28 P.3d 34.) Considering the evidence of the present crimes and defendant's involvement in three separate robberies while he was armed, the evidence that he possessed a gun earlier can hardly have had a significant impact on the jury. Defendant relies primarily on the premise that prior firearm possession was "propensity" evidence. He fails to mention the court gave the jury an instruction making it clear that the evidence was not to be used by them "to prove that the defendant has a propensity to commit crimes...." The trial court did not abuse its discretion in admitting the evidence.

The Trial Court Properly Found the Prior Conviction Constituted a Serious Felony
Defendant argues the court erred in finding that his prior conviction qualified as a serious felony for purposes of the "One Strike" law. We disagree.
The amended information alleged defendant previously had been convicted of a serious felony in violation of sections 12021 and 186.22, subdivision (b) within the meaning of sections 667, subdivision (a)(1) and 1192.7, subdivision (c). Before trial, the court overruled defendant's demurrer to this allegation. Following defendant's convictions for the substantive offenses charged, the court found the allegation of the prior conviction true beyond a reasonable doubt; specifically, the court found defendant had been convicted of violating section 12021, subdivision (d) (possession of a firearm while on probation) "along with a [section] 186.22 [subdivision] (b) enhancement." The court then doubled the sentence imposed on the base terms pursuant to section 667, subdivision (e)(1).
At issue is whether the prior conviction properly qualified as a serious felony under section 1192.7, subdivision (c). The statute sets forth an extensive list of qualifying felony offenses that does not expressly include section 12021. But because the prior offense was found to have been committed for the benefit of or in association with a criminal street gang pursuant to section 186.22, subdivision (b)(1), the court found the enhancement attached to the prior offense made it a serious felony under subdivision (c)(28) of section 1192.7. Under that provision, a serious felony is "any felony offense, which would also constitute a felony violation of Section 186.22."
Subdivision (b)(1) of section 186.22 is an enhancement that provides for an additional term of punishment to be added to the base term; it is not a substantive offense. (See Robert L. v. Superior Court (2003) 30 Cal.4th 894, 898-899, 135 Cal.Rptr.2d 30, 69 P.3d 951; People v. Jefferson (1999) 21 Cal.4th 86, 101, 86 Cal.Rptr.2d 893, 980 P.2d 441.) In contrast, subdivision (a) of section 186.22 makes it a misdemeanor or felony for a person who actively participates in a criminal street gang to promote, further, or assist felonious criminal conduct by gang members.
Defendant contends the reference to section 186.22 in section 1192.7, subdivision (c)(28) refers solely to felony convictions for street terrorism under subdivision (a) of section 186.22. He bases his argument on the fact that a person can only be convicted of one substantive offense under section 186.22. Because the gang enhancement provision under subdivision (b) is merely a penalty provision, he contends, it cannot qualify as a "felony offense" under section 1192.7, subdivision (c)(28).
To support his argument, defendant cited one of our prior opinions which was later depublished pursuant to California *214 Rules of Court, rule 976(d) when the Supreme Court granted review in the matter (People v. Briceno, rev. granted Sept. 24, 2003, S117641). Taking a fresh look at the issue, we now are convinced that felony offenses which have been subjected to the enhancement provision of section 186.22 qualify as serious felonies within the meaning of section 1192.7, subdivision (c)(28).
The fact that section 186.22, subdivision (a) is a wobbler may partially explain the language used in section 1192.7, subdivision (c)(28). But reading the provision as applying only to substantive felony offenses under subdivision (a) of section 186.22 renders superfluous over half of the words in the provision. Such a construction defies a basic rule of statutory construction. "`If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.' [Citation.] `[A] construction making some words surplusage is to be avoided.' [Citation.]" (People v. Black (1982) 32 Cal.3d 1, 5, 184 Cal.Rptr. 454, 648 P.2d 104; People v. Isaia (1989) 206 Cal.App.3d 1558, 1563, 254 Cal.Rptr. 500.)
Giving meaning to each word in the challenged provision, we conclude it encompasses both substantive felony offenses committed in violation of section 186.22, subdivision (a) and any other felony offenses to which the enhancement provision under section 186.22, subdivision (b) applies. This interpretation of the plain language of section 1192.7, subdivision (c)(28) logically follows from its use of different nouns, "offense" and "violation," in conjunction with the same adjective, "felony," since a person can violate section 186.22 without committing a substantive offense under subdivision (a) of that statute.
Notably, under subdivision (c)(40) of section 1192.7, "any violation of Section 12022.53" qualifies as a serious felony. Section 12022.53 is solely an enhancement provision which provides increased punishment for certain enumerated felonies where a firearm is used during the commission of the crime. (People v. Garcia (2002) 28 Cal.4th 1166, 1171, 124 Cal.Rptr.2d 464, 52 P.3d 648.) Thus, it is reasonable to find that a felony committed in violation of the gang enhancement provision of section 186.22, subdivision (b) also qualifies as a serious felony under section 1192.7.
Further, our interpretation of the provision is consistent with the intent of the voters who rewrote section 1192.7, subdivision (c) in passing Proposition 21 (the Gang Violence and Juvenile Crime Prevention Act of 1998), which was "to dramatically increase the punishment for all gang-related crime...." (Robert L. v. Superior Court, supra, 30 Cal.4th at p. 907, 135 Cal.Rptr.2d 30, 69 P.3d 951, fn. omitted.) A felony to which the gang enhancement provision of section 186.22, subdivision (b) applies is a gang-related crime. It stands to reason the voters intended to classify as serious those felonies which are committed for the benefit, at the direction of, or in association with a gang.

DISPOSITION
The judgment is affirmed.
WE CONCUR: BEDSWORTH and FYBEL, JJ.