[No. G038602. Fourth Dist., Div. Three. June 3, 2008.]

THE PEOPLE, Plaintiff and Appellant, v.
JEFFREY GARRETT MAUCH, Defendant and Respondent.

## COUNSEL

Tony Rackauckas, District Attorney, and Gregory J. Robischon, Assistant District Attorney, for Plaintiff and Appellant.

Marylou Hillberg, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**ARONSON, J.**—The district attorney challenges the trial court's order reducing Jeffrey Garrett Mauch's conviction, following a guilty plea, for felony cultivation of marijuana (Health & Saf. Code, § 11358) to a misdemeanor. We agree the trial court lacked authority to reduce the offense from a felony to a misdemeanor, and we therefore vacate defendant's plea and direct the trial court to reinstate the charge as a felony.

# I

# FACTUAL AND PROCEDURAL BACKGROUND

Acting on an anonymous tip, police investigators discovered 19 ounces of marijuana and smoking paraphernalia in Mauch's home, plus a large marijuana plant, nutrients, fertilizers, hydroponic cultivation equipment, and marijuana cultivation textbooks. The prosecutor charged Mauch and his stepson, Shawn Thorin, with marijuana possession, a misdemeanor (Health & Saf. Code, § 11364, subd. (c)), and marijuana cultivation, a felony. After Mauch and Thorin moved to exclude statements each had made to the police, the trial court severed their trials, proceeding first with Mauch's.

The trial court empaneled a jury before the noon recess. Following informal discussions with the court during the recess, defendant agreed to plead guilty over the prosecutor's objection. The trial court accepted defendant's plea, which included defendant's admission as the factual basis for the plea: "[O]n 11/19/05, I willfully & unlawfully aided and abetted S. Thorin in the cultivation of marijuana and in the possession of more than one ounce of marijuana." Another term in the guilty plea form stated, with respect to the marijuana cultivation charge, "Count 1 reduced to a misdemeanor."

After defendant waived both arraignment on the plea and preparation of a probation and sentencing report, the trial court proceeded to sentencing. The court "designate[d] the maximum potential punishment" as "365 days in the Orange County jail thereby making count 11358 [*sic*] a misdemeanor by virtue of the court's indication of a maximum potential sentence." The court proceeded to suspend imposition of sentence for three years, ordering informal probation instead. Among the terms and conditions of probation, the court included a $500 fine.

The deputy district attorney objected to the court's disposition, arguing, "I think the appropriate result in this case if Mr. Mauch is to plead is that he be given some kind of sentence, then at the end of that sentence or . . . probation[,] he comes back pursuant to Penal Code [section] 1203.4 for early termination and expungement. I think that is within the court's power. [¶] I think what we're doing today . . . is in fact illegal . . . ." The trial court overruled the objection, concluded sentencing, and the district attorney now appeals.

## II

## DISCUSSION

■ The district attorney contends the trial court lacked authority to reduce the felony marijuana cultivation offense to a misdemeanor. We agree. Health and Safety Code section 11358 provides: "Every person who plants, cultivates, harvests, dries, or processes any marijuana or any part thereof, except as otherwise provided by law, shall be punished by imprisonment in the state prison." ■ Any crime punishable by death or incarceration in a state prison is a felony. (Pen. Code, § 17, subd. (a); all further undesignated section references are to this code.) ■ "Fixing the penalty for crimes is the province of the Legislature, which is in the best position to evaluate the gravity of different crimes and to make judgments among different penological approaches." (*People v. Martinez* (1999) 76 Cal.App.4th 489, 494 [90 Cal.Rptr.2d 517] (*Martinez*).) Phrased differently: "The definition of crime and the determination of punishment are foremost among those matters that fall within the legislative domain." (*People v. Mills* (1978) 81 Cal.App.3d 171, 176–177 [146 Cal.Rptr. 411]; accord, *Tracy v. Municipal Court* (1978) 22 Cal.3d 760, 765 [150 Cal.Rptr. 785, 587 P.2d 227] ["the Legislature has the power and duty to define and classify crimes and offenses"].) Because the Legislature has classified cultivation of marijuana as a felony without providing for alternate punishment, the trial court exceeded its jurisdiction in purporting to reduce the offense to a misdemeanor.

■ The trial court's reliance on section 17, subdivision (b), was misplaced. That provision invests the trial court with discretion to treat a felony "punishable . . . by imprisonment in the state prison or by fine or imprisonment in the county jail" as a misdemeanor in certain circumstances. (§ 17, subd. (b).) The Legislature's use of the disjunctive "or" establishes that subdivision (b) only applies to offenses, known as "wobblers" (*People v. Statum* (2002) 28 Cal.4th 682, 685 [122 Cal.Rptr.2d 572, 50 P.3d 355]), for which the Legislature has authorized alternative punishment besides state prison incarceration. (See *People v. Superior Court* (*Feinstein*) (1994) 29 Cal.App.4th 323, 329 [34 Cal.Rptr.2d 503] [trial court "may only reduce an offense to a misdemeanor if it is a felony-misdemeanor ('wobbler'), which may be prosecuted as either a felony or a misdemeanor"].) Absent alternate punishment authorized by statute, a trial court "has no power to reduce a straight felony to a misdemeanor." (*Id.* at p. 330; see *People v. Mendez* (1991) 234 Cal.App.3d 1773, 1779, fn. 5 [286 Cal.Rptr. 216].) The trial court may not accept a plea agreement conditioned upon such a reduction. (*People v. Beebe* (1989) 216 Cal.App.3d 927, 931 [265 Cal.Rptr. 242] ["Since the

offense was not alternately punishable by a fine or imprisonment in the county jail, the trial court had no power to authorize the future reduction of this felony to a misdemeanor under section 17"].) In sum, section 17, subdivision (b), does not itself authorize alternative punishment for any particular felony; it only identifies the circumstances where the trial court may reduce a felony to a misdemeanor when authorized by the Legislature for that offense. (*Feinstein, supra,* 29 Cal.App.4th at p. 330; see § 17, subd. (b)(1)–(5) [detailing circumstances].) Accordingly, section 17 does not furnish grounds for the trial court's purported reduction here.

■ Nor does section 18.[1] By providing for incarceration in the county jail instead of prison, section 18 authorizes a reduction to a misdemeanor for certain felonies even though the Legislature did not provide for misdemeanor treatment in the statutory provisions defining those particular crimes. Because the Legislature has not elsewhere expressly declared any of these particular felonies may qualify as misdemeanors, section 18 creates, to coin a phrase, "stealth wobblers." Section 18's misdemeanor option, however, is limited to felonies the Legislature has specified are punishable by imposition of a *fine* as an *alternative* to state prison. (*People v. Isaia* (1989) 206 Cal.App.3d 1558, 1564 [254 Cal.Rptr. 500] (*Isaia*).) Crimes falling in this category are relatively rare, but they exist. (See, e.g., §§ 107 [escape from a reformatory or state hospital], 148.3, subd. (b) [false report of an emergency], 337b [point shaving in an athletic contest].)

■ In *Isaia,* the defendant contended section 18 extends the option of misdemeanor treatment to all felonies that do not specify a term or range of years in the state prison as punishment. (*Isaia, supra,* 206 Cal.App.3d at p. 1563.) The first clause of section 18 fixes a range of 16 months or two or three years as the term for felonies that do not otherwise identify a determinate prison sentence. As *Isaia* explained, the "provided however" language that commences the second clause of section 18 has a limiting function, restricting the availability of the second clause's misdemeanor option to felonies that do not specify a period for state prison incarceration but provide for a fine as *alternate* punishment.[2] (*Isaia,* at p. 1564.) Thus, section 18, by

---

[1] Section 18 provides: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years; provided, however, every offense which is prescribed by any law of the state to be a felony punishable by imprisonment in any of the state prisons or by a fine, but without an alternate sentence to the county jail, may be punishable by imprisonment in the county jail not exceeding one year or by a fine, or by both."

[2] *Isaia* explained the "provided however" language must be construed as having a limiting function to avoid rendering the phrase "surplusage." (*Isaia, supra,* 206 Cal.App.3d at p. 1564 [noting "constructions which would make part of the statute surplusage should be avoided"].) The word "however" would be superfluous if the Legislature intended the second clause's

its terms, simply "does not apply to felonies, such as the felony of which defendant was charged, that do not contain an alternative punishment of a fine." (*Isaia*, at p. 1564 [the defendant there possessed drugs in a prison camp, violating § 4573.6].) Accordingly, as construed in *Isaia*, section 18 "clearly allows the court to reduce felonies to misdemeanors *only* when the felony is punishable in the alternative by a prison term *or* fine." (*Isaia*, at p. 1564, first italics added.) Defendant does not challenge the holding in *Isaia*, and we perceive no reason to chart a new interpretation of the statute. Consequently, because Health and Safety Code section 11358, like Penal Code section 4573.6 in *Isaia*, fails to provide for a fine as a punishment in lieu of state prison, section 18 does not authorize the trial court's ruling here.

■ Defendant relies on sections 672 and 1203.1, but these sections do not change the fact the Legislature has proscribed violation of Health and Safety Code section 11358 as a felony offense, without also prescribing alternate, misdemeanor punishment. Section 672 authorizes the trial court to impose a fine as *additional* punishment on every misdemeanor or felony conviction.[3] (See *People v. Breazell* (2002) 104 Cal.App.4th 298, 304 [127 Cal.Rptr.2d 901] [§ 672 serves as a "catchall" provision, applicable to all misdemeanors and felonies].) Because section 672 authorizes additional rather than alternate punishment, it falls outside the terms of sections 17

---

misdemeanor option to apply unreservedly to the category of felonies identified in the first clause, i.e., "those offenses 'declared to be a felony, or to be punishable by imprisonment in a state prison.' " (*Ibid.*) "[H]owever" thus points to a narrowing of this first category of felony offenses, a narrowing the second clause accomplishes by specifying that only those "felonies 'punishable by imprisonment in any of the state prisons or by a fine . . .' " are eligible for county jail diversion as misdemeanors. (*Ibid.*)

The Attorney General also noted in *Isaia* that the Legislature had deleted a comma in a former version of section 18's second clause, lending support to the conclusion the Legislature intended the clause to apply to felonies that included state prison incarceration or a fine as alternative punishments. (See *Isaia, supra*, 206 Cal.App.3d at pp. 1562–1563.) The Attorney General observed: " 'It is not without significance that a comma is omitted in section 18 after the word "prisons" in the clause, "provided, however, every offense which is prescribed by any law of the State to be a felony punishable by imprisonment in any of the state prisons or by a fine . . . ." Following general rules of punctuation, the punishments of imprisonment in the state prisons and fine are to be read as alternative punishments to the same offense; that is, the proviso clause is limited to offenses punishable in the alternative by imprisonment in a state prison or by fine and has no application to those offenses punishable solely by imprisonment in the state prisons. While punctuation rules are not controlling in the face of obvious legislative intent to the contrary, they are properly used to construe otherwise ambiguous expressions . . . . [¶] . . . .' " (*Id.* at p. 1562.)

[3] Section 672 provides: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

and 18, both of which, as discussed, require alternate punishment as a precondition for a trial court's discretion to reduce a felony to a misdemeanor.

▪ Defendant suggests section 1203.1 provides for alternate punishment, in practice, when the trial court requires payment of a fine or imprisonment in the county jail as a condition of probation.[4] Section 17, subdivision (b)(3), lends superficial support to defendant's position. Under subdivision (b)(3), an offense "is a misdemeanor for all purposes . . . [¶] . . . [¶] [w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

▪ The trial court may not, however, declare a crime to be a misdemeanor when the Legislature has not authorized misdemeanor punishment. Section 17, subdivision (b), recognizes as much when it authorizes a reduction of a felony to a misdemeanor only if the offense is "*punishable,* in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail . . . ." (Italics added.) Section 18 similarly requires that a felony be "punishable" in alternate ways before a court may reduce it to a misdemeanor.

▪ Defendant's reliance on the trial court's discretion to impose a fine or county jail incarceration under section 1203.1 is therefore misplaced. Simply put, under section 1203.1, any fine or county jail term the trial court imposes is not imposed as punishment, but rather as a condition of probation. (See *League of Women Voters of California v. McPherson* (2006) 145 Cal.App.4th 1469, 1481 [52 Cal.Rptr.3d 585] ["The defendant who has been placed on probation, therefore, is imprisoned by the court in a local facility as a condition of probation, not as a result of the conviction of a felony."].) Indeed, as stated in section 1203.1, the trial court's authority to grant probation arises only when it "suspend[s] the imposing or the execution of the sentence . . . ." ▪ A trial court's discretion to suspend imposing the punishment the Legislature has authorized does not empower the court to reclassify the crime in a manner the Legislature has not authorized. To do so oversteps constitutional bounds, violating the prerogative of a coordinate branch. In short, the Legislature retains sole authority to classify crimes. (*Martinez, supra,* 76 Cal.App.4th at p. 494.)

---

[4] Section 1203.1 provides: "(a) The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence . . . . [¶] . . . The following shall apply to this subdivision: [¶] (1) The court may fine the defendant in a sum not to exceed the maximum fine provided by law in the case. [¶] (2) The court may, in connection with granting probation, impose either imprisonment in a county jail or a fine, both, or neither."

## III

## DISPOSITION

The judgment is reversed. We vacate defendant's guilty plea and remand with directions to the trial court to reinstate the felony marijuana cultivation charge.

Bedsworth, Acting P. J., and Moore, J., concurred.