Filed 10/28/20  P. v. Garcia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ERNESTO GARCIA,<br><br>  Defendant and Appellant. | F080087<br><br>(Super. Ct. No. VCF215347)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Higbee & Associates, Mathew K. Higbee, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Erin Doering, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

Defendant Ernesto Garcia contends on appeal the trial court erred in concluding it could not reduce his conviction for possession of a machine gun, erroneously determining (1) possession of a machine gun was a "straight felony" rather than a "wobbler," and (2) the court did not have jurisdiction to reduce the conviction because it was previously dismissed pursuant to Penal Code section 1203.4.[1]  The People agree.  We reverse and remand.

## PROCEDURAL SUMMARY

On March 6, 2009, defendant pled no contest to possession of a machine gun (former § 12220, subd. (a), current § 32625, subd. (a)).  He was placed on felony probation for three years and required to serve 30 days in jail.

After defendant satisfied the conditions of his probation, he requested that the trial court dismiss his conviction pursuant to section 1203.4.  On November 6, 2014, the court granted defendant's unopposed request.

On April 5, 2016, defendant moved the trial court to reduce his conviction from a felony to a misdemeanor.  The court denied defendant's motion.

On July 24, 2019,[2] defendant moved the trial court for a second time to reduce his conviction.  On August 23, the court denied his motion without prejudice, concluding that the 2009 conviction for possession of a machine gun was a "straight felony" and not a "wobbler" so "relief [was] not available …."  The court further concluded that, because a dismissal pursuant to section 1203.4 had already been granted, it "jurisdictionally [could not] reduce [the conviction] to a misdemeanor."

On October 3, defendant filed a notice of appeal.

---

[1]    All further statutory references are to the Penal Code.

[2]    All further dates refer to the year 2019 unless otherwise stated.

2.

# DISCUSSION[3]

First, the parties agree, as do we, that possession of a machine gun was a " 'stealth wobbler' " and the trial court therefore had the discretion to reduce defendant's conviction from a felony to a misdemeanor.

Section 17 grants a trial court discretion to reduce a felony conviction to a misdemeanor if the offense is a "wobbler"—an offense that is "chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor .…"  (*People v. Park* (2013) 56 Cal.4th 782, 789; see § 17, subd. (b).)  Offenses punishable by a fine *as an alternative to* a term of imprisonment in state prison, but do not expressly provide for sentencing to county jail, can also be punished as misdemeanors.  (§ 18, subd. (b) ["Every offense which is prescribed by any law of the state to be a felony punishable by imprisonment *or by a fine*, but without an alternate sentence to the county jail …, may be punishable by imprisonment in the county jail … or by a fine, or by both."]  (Italics added.).)  Such offenses have been called " 'stealth wobblers' " (*People v. Mauch* (2008) 163 Cal.App.4th 669, 675), and can be reduced to misdemeanors pursuant to section 17 in the same way as wobblers (*ibid*.; *People v. Isaia* (1989) 206 Cal.App.3d 1558, 1564).

We review a court's exercise of discretion in ruling on a motion to reduce a felony to a misdemeanor pursuant to section 17 for abuse of discretion.  (*People v. Mullins* (2018) 19 Cal.App.5th 594, 611.)  However, where the record demonstrates that a trial court denied a motion to reduce a felony conviction based on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its discretion.  (*People v. Lee* (2017) 16 Cal.App.5th 861, 866–867; *People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)[4]  The classification of a crime as a felony,

---

[3]    Because defendant raises only questions of law, the facts underlying the offense are not relevant and are omitted from this opinion.

[4]    The only reason to depart from this general rule is if "the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had

3.

misdemeanor, infraction, or wobbler is a question of statutory interpretation, which we review de novo. (*People v. Willis* (2013) 222 Cal.App.4th 141, 144.)

On the date defendant was convicted of possession of a machine gun, it was punishable "by imprisonment in the state prison, *or by a fine* not to exceed ten thousand dollars ($10,000), or by both such fine and imprisonment." (Former § 12220, subd. (a) (italics added); accord, § 32625, subd. (a).) Therefore, as the parties agree, possession of a machine gun was a stealth wobbler. Because the trial court erroneously concluded that possession of a machine gun was a straight felony, we reverse and remand the matter for the trial court to exercise its discretion. (*People v. Lee*, *supra*, 16 Cal.App.5th at pp. 866–867.)

Second, we agree with the parties that the trial court's prior dismissal of defendant's conviction pursuant to section 1203.4 did not divest the court of jurisdiction to reduce the offense to a misdemeanor pursuant to section 17.

In *Meyer v. Superior Court* (1966) 247 Cal.App.2d 133 (*Meyer*), the defendant was convicted of writing checks drawn on insufficient funds (§ 476a), which was punishable as a misdemeanor or a felony. (*Meyer*, at pp. 134–135.) Roughly three years after his conviction, the trial court dismissed defendant's conviction pursuant to section 1203.4. (*Meyer*, at p. 135.) More than two years later, defendant moved the court to reduce his conviction to a misdemeanor pursuant to section 17. (*Meyer*, at p. 135.) The trial court denied defendant's motion, ruling it lacked the power to grant the motion. (*Id*. at p. 136.) The Court of Appeal concluded that, even after dismissal of the conviction pursuant to section 1203.4, defendant's conviction was still under the jurisdiction of the court and the court was not precluded from exercising its discretion to

been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Such is not the case here. Here, the trial court stated that it could not reduce the conviction despite its feeling that "all the reasons in the world, in equity, would support that" outcome.

reduce the wobbler conviction to a misdemeanor. (*Meyer*, at p. 136; see *In re Griffin* (1967) 67 Cal.2d 343, 347, fn. 3.) It explained that a dismissal pursuant to section 1203.4 does not "obliterat[e] the fact that the defendant [has been convicted of a felony]." (*Meyer*, at p. 140.) A felony conviction continues to exist after dismissal pursuant to section 1203.4, and a defendant continues to suffer consequences as a result of the felony conviction that would be eliminated if the conviction was reduced. (*Meyer*, at p. 140.) "Consequently, [a defendant] should not be barred from pursuing a more suitable remedy, [such as a reduction of the conviction from a felony to a misdemeanor,] particularly where the final decision as to whether he is worthy rests within the sound discretion of the superior court." (*Ibid.*)

Here, as in *Meyer*, the dismissal of defendant's conviction pursuant to section 1203.4 did not impact the trial court's jurisdiction over his motion to reduce his felony conviction to a misdemeanor. (*Meyer*, *supra*, 247 Cal.App.2d at p. 140; *In re Griffin*, *supra*, 67 Cal.2d at p. 347, fn. 3.)

## DISPOSITION

The judgment is reversed and remanded to the superior court for further proceedings on defendant's motion to reduce his conviction pursuant to section 17, subdivision (b).