Filed 1/6/25  P. v. Phillips CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN PHILLIPS,<br><br>    Defendant and Appellant. | H051373<br>(Santa Clara County<br>Super. Ct. No. BB516948) |

In 2006, Jonathan Phillips entered a plea of no contest to one charge of felony false imprisonment (Pen. Code, § 236/237.)[1]  The trial court sentenced Phillips to a total term of 90 days in jail.

Between 2008 and 2023, Phillips filed four separate motions pursuant to section 17, subdivision (b)[2], asking that his conviction be reduced from a felony to a misdemeanor.  Phillips' fourth petition filed in 2023, which is the underlying subject of this appeal, was denied by the court on the basis that it was barred by collateral estoppel, and that Phillips' charge of felony false imprisonment was not eligible for reduction to a misdemeanor under section 17, subdivision (b).

---

[1] Undesignated statutory references are to the Penal Code.

[2] This section provides, in relevant part, that "[w]hen a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170."  (§ 17, subd. (b).)

On appeal, Phillips argues that the trial court abused its discretion in denying his petition because all of the elements of collateral estoppel were not satisfied, and the facts of his offense demonstrate he was eligible for a reduction. The Attorney General concedes that collateral estoppel was not a valid basis for denial, but argues that the court did not abuse its discretion in finding that Phillips' charge was not eligible for reduction.

For the reasons explained below, we find no reversible error and affirm the court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background[3]

On September 30, 2005, victim C.P.[4] was driving with a friend when Phillips, whom C.P. had met through college, called her and asked to hang out at a night club in Mountain View. After C.P. and her friend drove by the night club, Phillips saw and followed them in his car to another friend's house. C.P.'s friend attempted to evade Phillips but was unable to do so. After they reached the house, Phillips followed C.P. and her friend inside and did not leave when asked to do so. Phillips stated that he wanted to "hang out" with C.P. and asked her if he could get some "alone time" with her. When C.P. responded "[n]o" and told him she needed to get home, Phillips offered to give her a ride, which she accepted.

After C.P. got into Phillips' car, he asked her if she wanted to get into the back seat, which she refused. C.P. began feeling uncomfortable and wanted to exit the car, but Phillips began driving before she could do so. When C.P. attempted to give Phillips directions to her house, he ignored her and began driving erratically. C.P. asked him to

---

[3] The facts of this offense are taken from the police report, which is also quoted in Phillips' opening brief.

[4] We refer to the victim in the proceedings by his or her initials only to protect personal privacy interests pursuant to California Rules of Court, rule 8.90(b)(10) and (11).

2

stop the vehicle so she could leave, but he refused, began running red lights, and drove around for approximately 20 minutes without allowing her to exit.

After Phillips began driving on the highway, C.P. told him that she would call the police. Phillips slowed down, opened the passenger door, and pushed C.P., causing her to fall out of the car. Although C.P. initially stated she was not injured, she later indicated that she had sprained her ankle.

### B.    Charges, Plea, and Original Sentence

On October 13, 2005, the Santa Clara County District Attorney's Office filed a felony complaint charging Phillips with false imprisonment (§ 236/237; count 1).[5] The complaint specifically noted that the charge was for felony false imprisonment because it had been effected by "violence, menace, fraud, or deceit."

On February 24, 2006, Phillips entered a plea of no contest to felony false imprisonment. On April 13, 2006, the trial court sentenced Phillips to 90 days in county jail, but suspended the imposition of his sentence and placed him on three years of formal probation.

### C.    Post-Plea Proceedings

### 1.  2008 and 2013 Motions

On February 8, 2008, Phillips filed his first section 17, subdivision (b) motion, asking that his conviction be reduced from a felony to a misdemeanor. Shortly thereafter, the motion was taken off calendar, which his counsel later explained was due to it being "effectively, a waste of [Phillips'] resources."

---

[5] Section 237, subdivision (a), as it existed at the time of Phillips' charging and conviction, read as follows: "False imprisonment is punishable by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail for not more than one year, or by both that fine and imprisonment. If the false imprisonment be effected by violence, menace, fraud, or deceit, it shall be punishable by imprisonment in the state prison." The statute was subsequently amended in 2011, where the concluding sentence was modified from "in the state prison" to "pursuant to subdivision (h) of section 1170." (Stats. 2011, ch. 15, § 288.)

3

On March 21, 2008, Phillips filed a motion requesting that his probation be terminated and the entire action be dismissed pursuant to sections 1203.3[6] and 1203.4.[7] On April 7, 2008, the trial court granted Phillips' motion, terminated his probation, and dismissed the criminal action.

On January 8, 2013, Phillips filed a new section 17, subdivision (b) motion requesting that his conviction be reduced to a misdemeanor. Although his case had already been dismissed, Phillips indicated that he was still requesting a reduction in order to allow him to apply for certain jobs that required a record clear of felony convictions. On April 25, 2013, the matter was taken off calendar without prejudice; the minute order does not indicate the reason for the matter being taken off calendar.

### 2. 2016 motion and appeal[8]

On May 31, 2016, Phillips filed his third section 17, subdivision (b) motion (2016 motion). Phillips again claimed that a reduction to a misdemeanor would allow him to achieve better job prospects and pay. He further argued that false imprisonment is a "wobbler" offense that could be charged as either a misdemeanor or felony, thus making

---

[6] Section 1203.3 provides, in relevant part, that "[t]he court may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation, and discharge the person held." (§ 1203.3, subd. (a).)

[7] Section 1203.4 provides, in relevant part, that when a defendant "has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interest of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if they are not then serving a sentence for an offense, on probation for an offense, or charged with the commission of an offense, be permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty…and…the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted." (§ 1203.4, subd. (a).)

[8] The record does not reflect the People filed a response to Phillips' motion.

4

him eligible for relief under section 17, subdivision (b). Phillips also noted that he had no other criminal conduct since this conviction, was only 20 years old when the offense occurred, and had been an employed, productive member of society since completion of his sentence.

In response, the probation department recommended against reduction on the basis that Phillips' conviction was for a non-alternative felony. The department noted that under section 237, false imprisonment was required to be punished as a felony if it was "affected by violence, menace, fraud, or deceit." Therefore, based on the facts of the case, the department contended that Phillips' conviction could not be reduced to a misdemeanor.

In his supplemental briefing, Phillips' counsel asserted that the facts of the offense, as stated by C.P. in the police report, did not reflect any use of violence, menace, fraud, or deceit. Counsel claimed that the only possible "violence" was when Phillips pushed C.P. out of the vehicle, which effectively ended the encounter. As the sentencing transcript did not address the issue of what portion of section 237 Phillips was being sentenced under, and no plea form or transcript from the change of plea hearing could be located, counsel argued that the facts from the police report were sufficient to demonstrate that Phillips' conviction was eligible for a reduction to a misdemeanor offense.

On December 1, 2016, the trial court held a hearing on Phillips' motion. The court indicated that subdivision (a) of section 237 was divided into two portions as follows: (1) a first section for misdemeanor false imprisonment, which was punishable by a fine or a county jail sentence; and (2) a second section for felony false imprisonment, which involved the use of violence, menace, fraud, or deceit, and was punishable as provided in section 1170, subdivision (h). Accordingly, the court concluded that the People could only charge the offense as felony false imprisonment if there was sufficient evidence to demonstrate one of the aforementioned four elements was present. Based on this

5

conclusion, the court found that Phillips was not eligible for a reduction and denied his motion.

Phillips timely appealed the court's order but failed to submit a supplemental brief on his own behalf after his attorney filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496. Therefore, on February 21, 2018, this court dismissed his appeal as abandoned and did not reach the merits.[9]

### 3. 2023 motion proceedings

#### a. Phillips' motion and response

On May 3, 2023, Phillips filed a fourth section 17, subdivision (b) motion (2023 motion), which is the subject of the instant appeal. Like the 2016 motion, Phillips' counsel again argued that the facts in the police report did not reflect that Phillips used violence, menace, fraud, or deceit during the commission of the offense. Counsel noted that in other cases involving similar section 17, subdivision (b) motions for false imprisonment convictions, courts defined "menace" as " 'a threat of harm express or implied by word or act[,]' " while defining violence as " 'the exercise of physical force used to restrain over and above the force reasonably necessary to effect such restraint[.]' " (*People v. Babich* (1993) 14 Cal. App. 4th 801, 806, italics omitted.) Counsel contended that Phillips' behavior of simply pushing the victim out of the vehicle fell "far below the standard" required to demonstrate any violence or menace. Lastly, counsel argued that it would be in the interests of justice to reduce Phillips' conviction to a misdemeanor based on his young age (20) at the time of the offense, his lack of any further criminal activity, and his consistent employment as a security guard since 2013.

In response, the People argued that Phillips' motion should be barred under the principles of collateral estoppel and res judicata, which prevented relitigation of issues argued and decided in prior proceedings. The People noted that because Phillips raised

_____

[9] On our motion, we take judicial notice of the record in Phillips' first appeal (No. H044377.)

6

the same issue in his 2016 section 17, subdivision (b) motion, which was heard and decided on the merits, collateral estoppel should preclude him from bringing the same motion again. Next, the People argued that because felony false imprisonment constituted a "straight felony" that could only be punished pursuant to section 1170, subdivision (h), the trial court had no power to reduce Phillips' conviction to a misdemeanor. Further, the People distinguished the cases cited by Phillips, noting that those cases all involved trials where the prosecution failed to prove the elements of violence, menace, fraud, or deceit beyond a reasonable doubt. Because Phillips did not go to trial and entered a guilty plea, the People contended that his plea amounted to an admission of every element of the crime such that the court need not conduct a factual analysis of whether the facts were sufficient to demonstrate felony false imprisonment.

### b. *Hearing*

On August 16, 2023, a different judge from the judge who heard the 2016 motion held a hearing on Phillips' 2023 motion. At the hearing, Phillips' counsel again argued that there were insufficient facts to demonstrate that Phillips' conduct involved violence, menace, fraud, or deceit. Counsel also argued that the court should take Phillips' youth into account in determining whether he fully appreciated what he was doing or had the appropriate intent to commit the crime in question.

The court disagreed, finding that under *People v. Superior Court (Feinstein)* (1994) 29 Cal.App.4th 323 (*Feinstein*), false imprisonment was not a wobbler offense, but constituted a "straight felony" if committed by violence, menace, fraud, or deceit. The court also indicated that because Phillips pled to the felony charge and admitted there was a factual basis for his plea, the court did not have the authority to "go back" and review the facts to see if Phillips could have been charged with a misdemeanor. The court noted that "restraining someone in a car that's driving down the highway, that sounds like it satisfies the felony statute."

7

The court ultimately denied the motion for the following two reasons: (1) the motion was barred by collateral estoppel as it had already been taken up with another judge and denied, then unsuccessfully appealed; and (2) the felony charge to which Phillips pled was not a wobbler and therefore was ineligible for reduction to a misdemeanor.

Phillips timely appealed.

## II.   DISCUSSION

Phillips contends that the trial court abused its discretion in denying his motion for four reasons.  First, Phillips argues that collateral estoppel is inapplicable to section 17, subdivision (b) motions, particularly when filed in a single case as opposed to multiple separate litigations.  Second, he claims the court abused its discretion in finding that felony false imprisonment was not eligible for reduction to a misdemeanor.  Third, Phillips asserts that because of his youth and childhood trauma, the trial court was mandated to reduce his conviction to a misdemeanor and abused its discretion in refusing to do so.  Finally, Phillips argues that the trial court improperly failed to consider whether reduction of his conviction would be in the interests of justice.

### A. *Legal Principles and Standard of Review*

As discussed above, section 17, subdivision (b) specifies the circumstances under which wobbler offenses are deemed misdemeanors rather than felonies.  (§ 17, subd. (b) ["When a crime is punishable, in the discretion of the court, either [1] by imprisonment in the state prison or . . . [2] by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances . . . ."].)  "[S]ection 17[, subdivision] (b), read in conjunction with the relevant charging statute, rests the decision whether to reduce a wobbler solely 'in the discretion of the court.' " (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.)

However, the statute does not confer upon the trial court the authority to reduce a straight felony to a misdemeanor.  (See *People v. Mauch (*2008) 163 Cal.App.4th 669,

8

674–675 (*Mauch*); *People v. Douglas* (2000) 79 Cal.App.4th 810, 813; *Feinstein, supra,* 29 Cal.App.4th at pp. 329–330.) " 'Fixing the penalty for crimes is the province of the Legislature, which is in the best position to evaluate the gravity of different crimes and to make judgments among different penological approaches.' [Citation.] Phrased differently: 'The definition of crime and the determination of punishment are foremost among those matters that fall within the legislative domain.' [Citations.]" (*Mauch, supra*, 163 Cal.App.4th at p. 674.) When the Legislature has classified an offense as a felony without providing for an alternate punishment, a trial court exceeds its jurisdiction "in purporting to reduce the offense to a misdemeanor." (*Ibid.*)

As a general matter, we review a trial court's decision to deny a section 17, subdivision (b) motion for an abuse of discretion. However, in reviewing Phillips' arguments and the trial court's order, we find that the court's basis for denying the motion was based on a legal theory, namely, the inapplicability of section 17, subdivision (b) to Phillips' offense. Therefore, Phillips' claim that he was eligible for a reduction under section 17, subdivision (b) is a purely legal question of statutory interpretation, which we review de novo. (See *People v. Jimenez* (2020) 9 Cal.5th 53, 61.)

### B. *Phillips' Eligibility for Relief Under Section 17, Subdivision (b)*[10]

Phillips contends that the trial court abused its discretion in finding that his conviction for felony false imprisonment was not a wobbler offense, and therefore was ineligible for relief under section 17, subdivision (b). Phillips argues that by entering a plea of no contest to felony false imprisonment and stipulating to a factual basis, he was not admitting that the facts in the police report were true or conceding that the offense

---

[10] The Attorney General concedes that collateral estoppel did not apply to Phillips' motion. We need not decide whether the court erred in finding collateral estoppel barred Phillips from bringing his 2023 motion, since, as we explain in more detail below, the other reason given by the trial court in denying the section 17, subdivision (b) motion was legally sound.

was committed using violence, menace, fraud, or deceit. He further asserts that the facts, as taken from the police report, did not demonstrate any use of force or violence in the course of the offense.

We disagree. To summarize, the substance of Phillips' argument is that because there was insufficient evidence to support the offense as charged, he was entitled to a reduction pursuant to section 17, subdivision (b). However, such an inquiry into the nature and circumstances of the offense is only relevant if the offense in question is a true "wobbler" offense that can be charged as either a misdemeanor or felony. As noted in *Feinstein, supra,* 29 Cal.App.4th at pages 330-331, false imprisonment is not a wobbler offense because section 237, subdivision (a) does not provide for either punishment in the county jail or imprisonment in state prison. Instead, section 237, subdivision (a) specifically delineates that if the false imprisonment is effected by violence, menace, fraud, or deceit, it can only be charged as a felony offense. (*Feinstein, supra,* 29 Cal.App.4th at p. 331.) Here, it is undisputed that Phillips was charged with felony false imprisonment that included the use of violence, menace, fraud, or deceit, and entered a plea to this charge. Accordingly, given that Phillip's plea was to a straight felony charge, the trial court correctly found that it did not have the authority to reduce his offense to a misdemeanor.

Phillips additionally relies on the case of *People v. Matian* (1995) 35 Cal.App.4th 480 (*Matian*), where the appellate court reversed the defendant's conviction for felony false imprisonment on the basis that there was insufficient evidence demonstrating violence or menace. In *Matian,* the appellate court found that the defendant's actions of: (1) painfully sexually assaulting the victim; (2) yelling at her "not to go[;]" and (3) glaring at her and getting out of his chair to approach her whenever she attempted to leave did not constitute restraining the victim through violence or reflect an express or implied threat of harm. (*Id.* at pp. 486-487.) Phillips argues that because his actions in

10

the instant matter fell "far below" those in *Matian,* there was no demonstration of any violence or menace that would support his conviction for felony false imprisonment.

We find the holding in *Matian* inapplicable to the instant matter. Unlike in *Matian,* which involved the sufficiency of the evidence presented at trial, Phillips admitted to the sufficiency of the evidence establishing the crime by entering a plea of no contest, and is therefore not entitled to a review on the merits. (See *People v. Thomas* (1986) 41 Cal.3d 837, 844 [concluding that a plea of no contest admits every element of an alleged crime and waives a challenge on appeal of insufficient evidence].) Accordingly, regardless of whether Phillips admitted to the actual facts in the police report itself, his plea constituted an admission to the elements of the offense as charged, which included the allegation that the offense was effected by violence, menace, fraud, or deceit. (See *People v. Tuggle* (1991) 232 Cal.App.3d 147, 154 [noting that a plea of guilty admits not only every element of the offense charged but also "all allegations, and factors comprising the charge contained in the pleading"].) Phillips cites no authority, nor are we aware of any, that permits him to challenge the sufficiency of the evidence by means of a section 17, subdivision (b) motion.

In conclusion, we find no error in the trial court's denial of Phillips' motion on the basis that felony false imprisonment was not eligible for relief under section 17, subdivision (b).[11]

### C. *Consideration of Phillips' Youth and Childhood Trauma*

Phillip argues that the trial court abused its discretion by refusing to consider Phillips' childhood trauma and young age at the time of the offense in evaluating his section 17, subdivision (b) motion. Phillips cites the recently amended version of section

---

[11] Because we find that the trial court was correct in its determination that Phillips' conviction was not eligible for a reduction, we also do not address Phillips' argument that the trial court failed to evaluate whether a reduction would be in the interests of justice, as this would only be relevant if section 17, subdivision (b) was applicable.

1170, subdivision (b)(6), which requires a court to impose a lower term sentence if either trauma or youth was a contributory factor to commission of the offense, and argues that the same principles should apply to a court's consideration of a section 17, subdivision (b) motion.

As Phillips himself concedes, he failed to raise any arguments regarding section 1170, subdivision (b) in the trial court. Accordingly, his argument is forfeited. (See *People v. Saunders* (1993) 5 Cal.4th 580, 589-590 [claims not raised in the trial court may not be raised for the first time on appeal].) Moreover, Phillips provides no authority in support of his claim that when evaluating a section 17, subdivision (b) motion, a trial court must or has discretion to apply the provisions in section 1170, subdivision (b), which specifically address felony sentencing guidelines for terms of imprisonment. An appellate court may treat as forfeited any legal argument for which there is no citation of authorities for the point made. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

### III. DISPOSITION

The order denying Phillips' section 17, subdivision (b) motion is affirmed.

_____
                               Wilson, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P.J.

_____
Danner, J.

People v. Phillips
H051373