FILED
United States Court of Appeals
Tenth Circuit

August 30, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD POWELL,

Defendant-Appellant.

No. 10-1551
(D.C. Nos. 1:08-CV-00207-JLK and
1:04-CR-00514-WYD-2)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **MATHESON**, Circuit Judges.

After a trial in federal court, Richard Powell was convicted of various drug

charges. Finding that Mr. Powell already had "two or more prior convictions for

a felony drug offense," the district court sentenced Mr. Powell to a mandatory life

sentence. 21 U.S.C. § 841(b)(1)(A). To support its finding that Mr. Powell

previously had been convicted of two or more felony drug offenses, the court

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pointed to one prior federal conviction and two California state convictions (the first for transporting cocaine, the other for possessing it). On direct appeal, Mr. Powell challenged his convictions, but largely without success. *See United States v. Powell*, 220 F. App'x 805 (10th Cir. 2007) (unpublished).

Then Mr. Powell brought a 28 U.S.C. § 2255 motion. In it, Mr. Powell alleged that his counsel on direct appeal provided constitutionally ineffective assistance, in violation of the Sixth Amendment, by failing to contest his eligibility for a mandatory life sentence under § 841. To be sure, Mr. Powell admitted, he had *one* prior drug felony conviction — stemming from his prior *federal* drug conviction. But he disputed that either of his state drug convictions qualified as felony convictions for purposes of qualifying for § 841's mandatory life sentence. In Mr. Powell's view, his appellate counsel provided constitutionally ineffective assistance by failing to pursue this line of argument. The district court disagreed and denied Mr. Powell's § 2255 motion.

In response to this ruling, Mr. Powell sought from us a certificate of appealability ("COA") in order to challenge the district court's decision. Believing Mr. Powell's claim "deserve[d] encouragement to proceed further," we granted a COA to resolve the question whether at least one of Mr. Powell's state convictions qualified as a *felony* to justify his mandatory life sentence. *See* Order Granting COA (June 1, 2011).

We now hold the answer is yes. In doing so, we need not resolve whether a federal court is bound by what state law calls a "felony" or "misdemeanor." *Compare* 21 U.S.C. § 802(13) (suggesting yes), *with* 21 U.S.C. § 802(44) (suggesting no). Either way, at least one of Mr. Powell's state convictions — for transporting cocaine (conviction number A791897) — clearly qualifies as a felony for purposes of § 841. California law deems that conviction a felony because his crime was punishable by imprisonment in state jail. *See* Cal. Penal Code § 17(a). And unlike some other types of convictions (rightly known as "wobblers"), Mr. Powell's conviction wasn't eligible for conversion to a misdemeanor — as both parties acknowledge. *See People v. Feyrer*, 226 P.3d 998, 1008-09 (Cal. 2010); *People v. Mauch*, 77 Cal. Rptr. 3d 751, 754-55 (Cal. Ct. App. 2008). Federal law treats this conviction as a felony, too, given that the crime was punishable by more than a year of imprisonment. *See* 21 U.S.C. § 802(44); Cal. Health & Safety Code § 11352 (1986). Under any scenario, then, Mr. Powell was clearly eligible for the mandatory life sentence he received. And because of this he cannot show either that his appellate counsel performed deficiently by failing to argue otherwise, or that he was in any way prejudiced by counsel's failure to do so. *See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (counsel's failure to raise meritless issue is not ineffective assistance).

The judgment of the district court is affirmed.  Mr. Powell's motion to supplement his brief is granted.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge