FILED
United States Court of Appeals
Tenth Circuit

November 26, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

RICHARD POWELL,

       Defendant - Appellant.

No. 14-1304
(D.C. Nos. 1:04-CR-00514-WYD-2 &
1:13-CV-03532-WYD)
(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **HOLMES**, Circuit Judges.

Richard Powell seeks a certificate of appealability (COA) to appeal from the

district court's determination that his second 28 U.S.C. § 2255 motion was an

unauthorized second or successive § 2255 motion that it lacked jurisdiction to

consider. *See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir.

2008). We deny a COA and dismiss this matter.

After being convicted of several drug-trafficking offenses, Mr. Powell

unsuccessfully sought relief under § 2255. The district court denied his motion, and

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

this court granted a COA but ultimately affirmed the denial of relief. *See United States v. Powell*, 433 F. App'x 693, 694-95 (10th Cir. 2011).

Mr. Powell then filed a second § 2255 motion containing two claims. Before this court, he focuses on only one of those claims: that his counsel in his first § 2255 proceeding was ineffective in plea negotiations that occurred during that proceeding (he alleges that while the § 2255 motion was pending, the government offered him a 20-year sentence, and he made a counter-offer that his counsel did not pursue). The district court held that Mr. Powell knew of the facts underlying the claim during his first § 2255 proceeding and could have raised them then, making the new § 2255 motion an unauthorized second or successive § 2255 motion.

Mr. Powell must obtain a COA to appeal. *See* 28 U.S.C. § 2253(c)(1)(B). To do so, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This he cannot do.

Even assuming for the sake of argument that reasonable jurists could debate whether the district court was correct in its procedural ruling, Mr. Powell cannot show that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. There is no constitutional right to counsel in a post-conviction proceeding. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v.*

*Finley*, 481 U.S. 551, 555 (1987). Therefore, even if counsel performed inadequately during the first § 2255 proceeding, as Mr. Powell alleges, no reasonable jurist could conclude that he was deprived of a constitutional right. *See Coleman*, 501 U.S. at 752 (where there is no constitutional right to counsel, a petitioner cannot claim constitutionally ineffective assistance of counsel); *Smallwood v. Gibson*, 191 F.3d 1257, 1266 n.4 (10th Cir. 1999) (same).

We grant the motion to proceed in forma pauperis, but we deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -